Harry PITTS, William Faust, Philip D'Angelo, Arthur Sharp and Jack Travis

v.

Elvin H. KUNSMAN et al., Appellants.

No. 15904.

United States Court of Appeals Third Circuit.

Heard June 13, 1966.

Decided July 27, 1966.

Wilbur H. Rubright, Frackville, Pa., in support of the motion.

John E. Lavelle, Ashland, Pa., in opposition to the motion.

OPINION OF THE COURT ON PETITION FOR PERMISSION TO TAX

Before GANEY and SMITH, Circuit Judges, and KIRKPATRICK, District Judge.

GANEY, Circuit Judge.

In an action brought by the five members of the School Board of the Borough of Girardville, Schuylkill County, Pennsylvania, for injunctive relief against a number of individual defendants, nine of whom are members of the presently constituted Interim Operating Committee of Administrative Unit 63–9 of Schuylkill County ("Committee"), the district court, by order dated March 16, 1966, enjoined that Committee from taking any action with regard to school affairs of Administrative Unit 63–9 "except that which is absolutely necessary." The meaning of this except clause was not further elaborated upon in the order or the accompanying opinion of the district court.

On March 25, 1966, the lower court issued an order staying the order of March 16, 1966, until fifteen days after the disposition of an appeal to this court. On March 28, 1966, an appeal was taken to this court. On April 19, 1966, pursuant to a request for clarification of the court's orders of March 16, and March 25, the court below allowed the Committee to prepare a budget and "take all necessary steps for the construction of a cafeteria in the school building in Frackville, Pa." On May 3, 1966, the district court ordered a hearing on the Committee's motion to modify its order of April 19, in order to permit it to levy and collect taxes. On May 9, 1966, a hearing was held in the court below on the petition to assess, levy and collect taxes, and on May 16, 1966, the court denied the petition of the Committee. On June 8, 1966, the Committee filed a petition in this court to proceed with the steps necessary to levy, assess and collect taxes, to which no answer was filed, and, accordingly, the matter is now before the court for disposition of the same.

With respect to the procedure followed in the filing of the petitions and the orders entered in the court below, without the permission of this court, while the matter was on appeal, we make no comment, and so the matter is before this court on the disposition of the Committee's petition of June 8, 1966, for an order permitting it "to proceed with such steps as necessary for the levy, assessment and collection of taxes."

The authority for "the levy, assessment and collection of taxes" lies with the State Legislature and we may not authorize the Committee to proceed with the steps it wishes to take regarding taxation. However, the standing in its way is another matter. The federal courts, except in a limited situation, may not validly prevent the Committee from taking those steps, and this court may stay the hand of the district court when it acts beyond its authority.

Title 28, § 1341 of the Judicial Code provides: "The district court shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." The plaintiffs, respondents here, have a plain, speedy and efficient remedy in the Courts of Pennsylvania to test the power of the Committee, as presently constituted, to tax in Administrative Unit 63–9, of which the Borough of Girardville is a part. In the case of Jamison C. & C. Co. v. Unity Township School District, 362 Pa. 389, 392, 66 A.2d 759, 760 (1949), the Supreme Court of Pennsylvania said: "It is too well settled for argument that equity will enjoin taxation for want of power to tax." To the same effect is Horigan v. Pittsburgh, 178 Pa.Super. 558, 560, 116 A.2d 228 (1955); Murman v. Duryea Borough School District, 52 Luz.L.Rev. 171 (1963); Phipps v. School District of Pittsburgh, 111 F.2d 393, 398 (3 Cir. 1940).

The except clause of the district court's order could be read as including the assessing, levying and collecting of taxes, thereby excluding those functions from the ambit of the injunction. Any other reading of that clause would extend the operation of the order into the limited area proscribed by § 1341 of the Code. Yet the district court has made it clear that the except clause is to be read in a fashion which is in conflict with the plain mandate of § 1341, as above noted, by its

order of May 16, 1966, in denying the Committee's petition to levy, assess and collect taxes.

At no time during the proceedings, as far as we are able to discern, did the district court inform the Committee or even intimate that the Committee would not be acting contrary to the order of May 16, if it proceeded to assess, levy or collect taxes.

Accordingly, so much of the district court's order of March 16, 1966, which enjoins the Interim Operating Committee of Administrative Unit 63–9 of Schuylkill County, Pennsylvania, from assessing, levying or collecting taxes will be stayed.