Joseph CAPUTO

v.

GLOBE INDEMNITY COMPANY.

Civ. A. No. 40116.

United States District Court
E. D. Pennsylvania.

Aug. 26, 1966.

Charles Roisman, Philadelphia, Pa., for plaintiff.

Fred C. Aldridge, Jr., Philadelphia, Pa., for defendant.

## OPINION

JOSEPH S. LORD, III, District Judge.

This case arises on plaintiff's complaint seeking to set aside a default judgment and praying for leave to file an answer. Defendant has moved to dismiss under F.R.Civ.P. 12(b). From the allegations of the complaint, which must be accepted as true on this motion, these are the facts:

Defendant, Globe Indemnity Company, was the insurer of Philco Corporation under a policy covering Dishonesty, Destruction and Disappearance. Under that policy, Globe paid Philco a total of $30,-085.51 representing the total of all losses sustained by Philco as a result of all peculations from it covered by the policy. Thereafter, Globe sued a total of ten persons (Globe Indemnity Company v. Snyder et al., E.D.Pa., C.A.No.32325), including Caputo, charging a conspiracy to steal and dispose of certain merchandise of Philco.

When served with the complaint in C.A.No.32325, plaintiff engaged one Stanley B. Singer, then of the Philadelphia Bar, but since suspended from practice, to represent him. Plaintiff paid Singer $750, plus an additional $600 to pay plaintiff's real estate taxes. Singer converted all of this money to his own use; failed to enter an appearance or file an answer and became almost totally unavailable to plaintiff.

As a result of Singer's neglect, a default judgment was entered against Caputo for the entire $30,085. Plaintiff alleges that his sole connection with the Philco losses was the purchase of four television sets from a friend who had bought them from a friend, who had bought them from an employe of Philco. Plaintiff had no knowledge of any conspiracy to steal from Philco and had no connection whatsoever with the thefts. The four television sets have been returned undamaged.

After fruitless efforts to reach Singer, plaintiff engaged his present counsel, who filed in C.A.No.32325 a motion under F.R.Civ.P. 60(b) for relief from the default judgment, stay of execution and leave to file an answer. This motion was denied by Hon. Ralph C. Body on February 25, 1966. He ruled that the motion was untimely under Rule 60(b) (1) and that no other grounds were alleged which would warrant granting the motion under Rule 60(b) (6). On April 6, 1966 plaintiff appealed from that ruling and on April 13, 1966 filed the present action. The parties have stipulated that no action would be taken on the appeal pending the disposition of this action, C.A.No.40116.

Defendant's motion to dismiss is bottomed on four grounds: (1) that Judge Body's order of February 25, 1966 is res judicata; (2) the remedies provided in F.R.Civ.P. 60(b) are alternative and not cumulative; (3) this court lacks jurisdiction because of the appeal to the Court of Appeals; and (4) plaintiff has an adequate remedy at law by filing a supersedeas bond.

We have no difficulty in concluding that Judge's Body's order of February 25 is not res judicata in the present action. That Rule provides in pertinent part:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; * * * or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken. * * * "

It is perfectly obvious that Judge Body concluded that the only provision of Rule 60(b) under which relief could be sought was 60(b) (1) which includes a mandatory time-bar of one year. Judge Body had no choice but to deny the motion, and the merits of plaintiff's position were never before him. Indeed, under the Rule he could not reach the merits; the one year limitation was an effective bar to any such consideration. It follows that because of the time strictures of the Rule, the merits were not matters that were or could have been litigated. Cf. Heiser v. Woodruff, 327 U.S. 726, 66 S.Ct. 853, 90 L.Ed. 970 (1946).

Defendant's second contention is equally without merit. Rule 60(b) provides for relief for excusable neglect and commands that relief under that Rule must be sought within one year. The Rule further provides, however, that:

> " * * * This rule does not limit the power of a court to entertain an independent action to relieve a party from a. judgment, order, or proceeding, * * * Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action. * * * "

To argue that the independent action and the motion for relief under Rule 60(b) are alternative and not cumulative is to lose sight of the fact that, under the circumstances of this case, there is no remedy under Rule 60(b) (1). The remedy is gone with the passage of time. However, the saving clause of Rule 60(b), supra, was designed to preserve the traditional power of courts of equity to relieve from unjust judgments if warranted by equitable principles when relief by motion under the Rule is time-barred. 7 Moore's Fed. Prac., ¶ 60.38(3). In West Virginia Oil & Gas Co. Inc. v. George E. Breece Lumber Co., Inc. et al., 213 F.2d 702 (C.A.5, 1954), plaintiff filed an independent action to correct a judgment on the basis of Rule 60(b) (1) grounds some nine years after the judgment was entered. Reversing a dismissal of the complaint by the lower court, Judge (now Circuit Judge) Wright said, at pages 706 and 707:

> " * * * However, since Rule 60(b) further provides that such relief may be obtained no more than one year after the judgment complained of was rendered, plaintiff herein is precluded from proceeding under that part of the rule. Klapprott v. United States, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266; Wallace v. United States, 2 Cir., 142 F. 240. Plaintiff is relegated, therefore, to an independent action seeking relief from the judgment, and he cannot prevail in such action except on the principles which the courts have historically applied to the independent action in equity to reform a judgment. Notes of Advisory Committee on Amendment to Rules, 1946.

> * * * * * *

> "And the limitations of time for filing such independent action are those of laches or any relevant statute of limitations. * * * "

Locklin v. Switzer Bros. Inc., 335 F.2d 331 (C.A.7, 1964), relied upon by defendant, is distinguishable. There, the plaintiff had been the defendant in a California action. It had pressed in California an available Rule 60(b) motion, and had lost. It then brought this independent action in Illinois. It was with this background that the court held that, under the circumstances before it, Rule 60(b) remedies are alternative and not cumulative. Those circumstances do not obtain here. We hold, therefore, that in the present context the futile invocation by plaintiff of a motion for relief under Rule 60(b) (1) does not foreclose the later institution of an independent action.

Defendant next argues that the pendency of the appeal in C.A.No.32325 robs us of jurisdiction in C.A.No.40116, —the present case. We are, of course, acutely conscious of the limitations on the power of a district court in a case which is on appeal. Cf. Pitts et al. v. Kunsman et al., 363 F.2d 841 (C.A.3, July 27, 1966). Thus, it is essential to discern the exact posture of this twin litigation. In C.A.No.32325, a judgment was entered against Caputo by default. He sought relief from the judgment by motion under Rule 60(b) (1), which was denied, not on the merits, but because the motion was too late. Caputo's appeal from the denial of the motion will not bring up for review the judgment itself. Saenz v. Kenedy, 178 F.2d 417 (C.A.5, 1950); 7 Moore's Fed.Prac. ¶ 60.30(1), p. 334; id. ¶ 60.30(3), p. 342. The only issue involved in the appeal is one of law: whether the district court had the power, under Rule 60(b) (1), to grant relief more than one year after the entry of judgment. Cf. 7 Moore's Fed.Prac. ¶ 60.30(1). The appeal does not raise the merits of plaintiff's contention that he should be permitted to file an answer out of time. The issue before us is entirely different. Plaintiff's complaint here does go to the merits of whether he should be let into an answer. And this is the type of independent action contemplated by Rule 60(b) where relief by motion under that Rule is not available. Thus, C.A.No.40116 (this one) is a different action from C.A.No.32325 with different issues.

Before the adoption of the Rules of Civil Procedure judgments could be attacked by the ancillary[1] writs of audita querela, coram nobis, coram vobis, and bills of review. Under Rule 60(b) these writs were abolished and relief is either by motion, where available, or, under the saving clause, by an independent action. The difference is this: the ancillary writs were a continuance of the main action; the independent action is not. Cf. Dowagiac Mfg. Co. v. McSherry Mfg. Co., et al., 155 F. 524, 528 (C.C.A. 6, 1907). In that case, the court said, at page 528:

"The radical difference between these two kinds of bills is that a bill of review is a continuation of the original litigation, whereas a bill impeaching a decree for fraud is not. It is new and independent litigation. The rules applicable to the two kinds of bills are different. * * *"

When an appeal is pending from the denial of a motion under Rule 60(b), the lower court is without further jurisdiction to act in that matter. 7 Moore's Fed.Prac. ¶ 60.30(2). The rule is different, however, when relief is sought by independent action rather than by the Rule 60(b) substitutes for the old ancillary writs. In Moore, op. cit., ¶ 60.36, page 602, it is said:

"When a court grants relief from a judgment or decree by a new trial or rehearing, or by one of the ancillary common law or equitable remedies or their modern substitute, a motion, it is exercising a supervisory power of that court over its judgment; but the *original* bill, or independent action, to impeach for fraud, accident, mistake or other equitable ground is founded upon an independent and substantive equitable jurisdiction. The independent character of this action, as distinguished from the ancillary bill of review, is illustrated by the fact that under federal practice such an original bill will lie even though appeal of the judgment in issue is pending, whereas a bill of review, being in the nature of a substitute for appeal, will not. * * *"

We think that under the circumstances here, the pendency of the appeal in C.A. No. 32325 does not impair our jurisdiction.

---

1. See Wallace v. United States, 142 F.2d 240, 244 (C.A.2, 1944), Moore and Rogers, Federal Relief From Civil Judgments, 55 Yale L.J. 523, 526, 527.

■ Defendant's final ground for dismissal is that plaintiff has an adequate remedy at law by posting a supersedeas bond. Defendant has not briefed this point, but the plain answer is that the rule-makers were perfectly aware of the supersedeas provisions of F.R.Civ.P. 73 (d), yet they nevertheless provided the remedy here pursued by plaintiff.

The motion will be denied. Counsel may apply to the court to set a date for hearing. It is so ordered.