Mary HOLTON and Iseann Morse, on behalf of themselves and all others similarly situated, and Ruth Begley, Appellants,

v.

CROZER–CHESTER MEDICAL CENTER, Maternal and Infant Care Clinic of Crozer-Chester Medical Center, Fifth and Penn Street, Chester, Pennsylvania, Dr. James Loucks, Administrator and President of Crozer-Chester Medical Center, 15th and Upland Street, Upland, Pennsylvania, Dr. Marshall Klaven, Director of Crozer-Chester Medical Center, 15th and Upland Street, Upland, Pennsylvania.

No. 76–2197.

United States Court of Appeals,
Third Circuit.

Argued May 5, 1977.
Decided Aug. 3, 1977.

Doris J. Dabrowski, Delaware County Legal Assist. Ass'n, Inc., Chester, Pa., for appellants.

John W. Wellman, Petrikin, Wellman, Damico & Carney, Steven G. Brown, Media, Pa., for appellees.

Before GIBBONS, MARIS and JAMES HUNTER, III, Circuit Judges.

JAMES HUNTER, III, Circuit Judge:

This case arises from a hospital policy of refusing to allow sterilization of a married woman without her husband's consent. The court below dismissed the complaint as to the hospital for lack of subject matter jurisdiction. After filing this appeal, plaintiffs moved in district court to amend their pleadings to include allegations of newly discovered evidence on state action, to support relief under 42 U.S.C. § 1983 and jurisdiction under 28 U.S.C. § 1343. We will vacate the judgment of dismissal and remand for the district court to consider a motion by plaintiffs to amend the pleadings.

## I.

Iseann Morse and Mary Holton brought a proposed class action in the United States District Court for the Eastern District of Pennsylvania, against Crozer-Chester Medical Center [CCMC], Maternal and Infant Care Clinic [MIC Clinic] of CCMC, Dr. James Loucks as administrator and president of CCMC, Dr. Marshall Klaven as director of CCMC, Pennsylvania Department of Health and its secretary, Dr. Leonard Bachman, and the Pennsylvania Department of Public Welfare and its secretary, Frank N. Beal. The suit was on behalf of all married women who seek to be sterilized at CCMC.

Iseann Morse alleged that she had first requested sterilization on February 9, 1971, after the birth of her second child, at CCMC. At the birth of her third child, on November 22, 1975, she again requested sterilization while a patient at the MIC Clinic. At that time the hospital required spousal consent for married women seeking sterilization unless they had been separated more than two years. Morse and her husband had been separated twenty-three months; sterilization was denied.

Mary Holton asked in early October, 1975, for sterilization at the time of her third delivery sometime in October. She and her husband had been separated some eight months. She was unable to locate him; sterilization was denied.

The complaint was amended to add as a plaintiff Ruth Begley. Begley, in her seventh pregnancy, wanted sterilization at the time of her delivery. She was unable to locate her husband, though, who had recently left her, and the sterilization was denied even though her treating physicians at the MIC Clinic had advised her against bearing any more children.

Plaintiffs claimed the requirement of spousal consent violates constitutional rights of personal privacy,[1] equal protection, due process, and the thirteenth amendment. They requested preliminary and permanent injunctive relief, damages, and a declaratory judgment.

Plaintiffs claimed relief under 42 U.S.C. § 1981 and § 1983; jurisdiction was asserted under 28 U.S.C. § 1331 and § 1343.

Plaintiff Begley moved for a temporary restraining order, since her delivery was imminent. That motion was denied on April 14, 1976.

---

1. The personal privacy rights derive from the fourth, fifth, ninth, and fourteenth amendments to the United States Constitution.

On April 22, 1976, there was a hearing on plaintiffs' motion for a preliminary injunction and on the motion by defendants CCMC, MIC Clinic, Dr. Loucks and Dr. Klaven to dismiss the complaint on grounds of lack of subject matter jurisdiction, lack of personal jurisdiction over MIC Clinic, and failure to state a claim upon which relief could be granted. On June 17, 1976, the motion for a preliminary injunction was denied; the court mentioned subject matter jurisdiction as the major obstacle to probable success on the merits.

On July 1, 1976, an order was filed in district court granting the motion of defendants CCMC, MIC Clinic, Dr. Loucks, and Dr. Klaven to dismiss. The court found the only tenable basis for jurisdiction—28 U.S.C. § 1343—to be fatally deficient in state action allegations necessary to state a claim under 42 U.S.C. § 1983. Despite recognition that the issue was very difficult, and that the litigation was at an early stage, in terms of discovery, the court granted the motion to dismiss.

Plaintiffs' notice of appeal from that order was received in the clerk's office on July 30, 1976, and thus was timely. *See United States v. Solly,* 545 F.2d 874 (3d Cir. 1976). The action continued in district court as to the remaining defendants. On August 20, 1976, plaintiffs moved in district court for leave to amend their complaint under Fed.R.Civ.P. Rule 15(b), to add allegations relating to a newly discovered relationship between CCMC and the Commonwealth of Pennsylvania. That motion was denied by the district court, as it related to CCMC, MIC Clinic, Dr. Loucks, and Dr. Klaven, since the court lacked jurisdiction once the appeal had been filed. *Segal v. Gordon,* 467 F.2d 602, 608 n. 12 (2d Cir. 1972). It was granted, however, as to those defendants remaining in the district court suit.

At oral argument appellants stated that they do have more evidence on the state action issue in the on-going district court suit. They ask us to vacate the order by which the allegedly private defendants were dismissed, and remand so they can attempt in district court to state a jurisdictional basis as to those defendants.

## II.

■ The unusual procedural posture in which this case comes to us raises our own question as to its appealability. Because only some of the defendants have been dismissed we would expect this case to reach us through district court certification in compliance with Fed.R.Civ.P. Rule 54(b). There has been no such certification. As a result, the order dismissing the complaint remains an interlocutory order. Fed.R. Civ.P. Rule 54(b) (absent certification any order dismissing some of the parties, however designated, is not final).

■ As an appeal from an interlocutory order, however, we can take this case under 28 U.S.C. § 1292(a)(1), since the dismissal was based, on the merits, on a denial of injunctive relief. Although termed a dismissal for lack of subject matter jurisdiction, the order resulted from a decision that plaintiffs failed to state a claim for relief under 42 U.S.C. § 1983. As their claim requested injunctive relief, the decision that no valid claim was stated was also a denial of the requested relief and appealable under 28 U.S.C. § 1292(a)(1). *See Ransburg Electro-Coating Corp. v. Lansdale Finishers, Inc.,* 484 F.2d 1037 (3d Cir. 1973). We are not presented with a situation where the scope of injunctive relief has been merely narrowed by a dismissal of some of the parties. *See Build of Buffalo, Inc. v. Sedita,* 441 F.2d 284 (2d Cir. 1971). The sole injunction requested in this complaint is to enjoin CCMC and the MIC Clinic—both dismissed from the suit—from requiring spousal consent for sterilization. Their dismissal was, in effect, a denial of the requested injunction. *Compare McNally v. Pulitzer Publishing Co.,* 532 F.2d 69 (8th Cir. 1976) (dismissal of only defendants against whom injunctive relief sought is effectively denial of injunctive relief) *with Local 1888, American Federation of State, County and Municipal Employees v. City of Jackson,* 473 F.2d 1028 (5th Cir. 1973) (per curiam) (dismissal of ancillary defendants

does not affect requested injunctive relief against primary defendant).

In considering the appeal, then, we note first that the case is not moot. At oral argument appellees asserted that a change in their hospital consent policy may have satisfied plaintiffs' objections. Through post-argument correspondence, plaintiffs have assured us that the new policy is not satisfactory, and we are convinced that the case is not moot.

■ Originally, the hospital policy, according to the complaint, required spousal consent for sterilizations requested by married women who were separated from their husbands for two years or less. According to post-argument correspondence the hospital has changed its policy, effective November 1976, to read:

In the case of married adults, elective sterilization shall not require written consent of the spouse but the physician must indicate that the spouse has been consulted. In the event the spouse is "not available" verification of an attempt to notify shall be required.

That change has not met plaintiffs' objections: they insist that the hospital cannot require proof of spousal consultation or unavailability.[2]

■ Our first concern is that the complaint was dismissed at a very early stage of the proceedings, when discovery on state action may not have been completed. We note, however, that at oral argument plaintiffs' counsel admitted that no request was made in district court to delay a decision on jurisdiction pending more discovery. Nonetheless, we have been assured that discovery in the on-going district court suit has revealed significant state action.

We understand that the district court was without power to allow amendments to the complaint, which amendments may have included some of the newly discovered allegations, once this appeal had been filed.

*Thompson v. Harry C. Erb, Inc.*, 240 F.2d 452 (3d Cir. 1957). As far as we can tell, those proposed amendments would have covered the same area in which there has been the recently fruitful discovery.

The motion to amend the complaint states

Plaintiffs believe in good faith that they have [an] additional cause of action against defendants. The Social Service regulations requiring that family planning services are to be made available without regard to marital status were published in the *Pennsylvania Bulletin*, March 20, 1976, two days after the filing of the original complaint. Social Services memoranda to the same effect were uncovered in the course of research to prepare a response to the Commonwealth defendants' motion to dismiss, received on July 28, 1976.

In the proposed amended complaint, the new allegations refer to the Social Security Act mandate that the state must provide family planning services, including sterilization, for certain medicaid recipients, and to the provisions by which the state may contract with private hospitals such as CCMC, to provide those services on behalf of the state.

The amended complaint was allowed as to the remaining Commonwealth defendants, and interrogatories were served on the issue of contracts to provide those family planning services. The answers, filed on January 26, 1977, admitted that CCMC does have a provider contract with the Commonwealth Department of Public Welfare.

Rather than examine in detail the sufficiency of the newly discovered state action allegations, which may state a claim under 42 U.S.C. § 1983 and support jurisdiction under 28 U.S.C. § 1343, we will vacate the order of dismissal and remand to the district court for consideration of a motion by plaintiffs to amend the complaint. An order to that effect will be entered.

2. Plaintiffs' proposal reads:

Crozer-Chester Medical Center will perform sterilizations with the informed consent of adult patients. In the written explanation of the sterilization procedure the patient will be encouraged to involve his or her spouse in the decision to seek a sterilization. If the patient's spouse files suit against the hospital requesting emergency injunctive relief, the hospital will, of course, abide by any order issued by the Court.