**Terri Lee HALDERMAN et al., Plaintiffs,**

**Pennsylvania Association for Retarded Citizens et al., Plaintiffs-Intervenors,**

**United States of America, Plaintiff-Intervenor,**

v.

**PENNHURST STATE SCHOOL AND HOSPITAL et al., Defendants.**

**Civ. A. No. 74–1345.**

United States District Court, E. D. Pennsylvania.

June 21, 1978.

See also, D.C., 451 F.Supp. 233.

David Ferleger, Philadelphia, Pa., for plaintiffs.

The Public Interest Law Center of Philadelphia by Thomas K. Gilhool, Chief Counsel, Frank J. Laski and Edward A. Stutman, Philadelphia, Pa., for plaintiff-intervenors, Pennsylvania Assn. for Retarded Citizens (Moskowitz, Hight, Preusch and DiNolfi).

Peter A. Glascott, James M. McNamara, Asst. City Sols., Doylestown, Pa., for County of Bucks, George Metzer, Roger Bowers, Joseph Catania and Peter Bodenheimer.

J. Stanley Pottinger, Asst. Atty. Gen., Civ. Rights Div., U. S. Dept. of Justice, Arthur E. Peabody, Jr., Washington, D. C., for U. S.

Frank, Margolis, Edelstein & Scherlis, Joseph Goldberg, Philadelphia, Pa., for Margaret Green, Betty Uphold, Alice Barton, P. E. Klick, Dr. Parocca and Helen Francis.

Thomas M. Kittredge, Philadelphia, Pa., Patricia H. Jenkins, Media, Pa., for Faith Whittlesey, Char. Keeler, Wm. Spingle, Comm. of Delaware County, P. P. Burrichter-Delaware County.

Thomas F. Schilpp, Luchsinger, Schilpp, Murphy & Noel, Media, Pa., for Commissioners of County of Delaware and Paul Burrichter, Administrator.

Thomas M. Kittredge, Morgan, Lewis & Bockius, Philadelphia, Pa., for Robert Strebl, Earl Baker, Leo McDermott and William McKendry.

Paul Sacks, Asst. City Sol., Philadelphia, Pa., for Mayor Frank L. Rizzo, City Counsel of Philadelphia, and Leon Soffer.

Roger B. Reynolds, Montgomery County Sol., Ward A. Cotton, Sol., Montgomery, Joseph A. Smyth, Asst. Montgomery County Sol., Norristown, Pa., for A. Russell Parkhouse, Frank W. Jenkins, Lawrence H. Curry, Montgomery County Comm., and Hermann A. Roether.

Norman Watkins, Jeffrey Cooper, Deputy Attys. Gen., Dept. of Justice, Harrisburg, Pa., for Pennhurst State School & Hospital, Dept. of Public Welfare, Frank S. Beal, Stanley Meyers, Aldo Colautti, Wilbur Hobbs, Russell Rice, Jr., and C. Duane Youngberg.

Stephen A. Sheller and Bruce M. Ludwig, Philadelphia, Pa., for intervenors, Pennhurst Parents-Staff Ass'n.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

In an opinion dated December 23, 1977, this Court held that the constitutional and

statutory rights of the retarded at Pennhurst State School and Hospital ("Pennhurst") had been, and are being, violated. In an order dated March 17, 1978, the Court entered a judgment order mandating the appropriate relief. On April 11, 1978, the Philadelphia Defendants filed a notice of appeal. Two days later, April 13, 1978, the Pennhurst Parents-Staff Association filed a motion to intervene and a motion to dispense with the five-day notice requirement of Local Rule 36 of this Court. Also on April 13, 1978, the Commonwealth Defendants filed a notice of appeal and the Court heard petitioners at the time of oral argument in connection with the Commonwealth's motion to stay the Court's order of March 17, 1978 pending appeal. Both the original plaintiffs to this action and plaintiff-intervenor, the United States of America, have opposed petitioners' request to intervene.

■ A notice of appeal having been filed by the Philadelphia Defendants on April 11, 1978, this Court finds that it is without jurisdiction to determine the motion to intervene. On April 13, 1978, the date on which the motion to intervene was filed, a notice of appeal had already been filed (April 11, 1978). This case was therefore within the jurisdiction of the Court of Appeals except for the motion to stay. *S. E. C. v. Investors Sec. Corp.*, 560 F.2d 561, 568 (3d Cir. 1977); *see Newton v. Consolidated Gas Co. of New York*, 258 U.S. 165, 177, 42 S.Ct. 264, 66 L.Ed. 538 (1922). As stated by Judge Mansfield in *Rolle v. New York City Housing Authority*, 294 F.Supp. 574, 576 (S.D.N.Y.1969):

> The general rule is that the filing of a notice of appeal terminates the jurisdiction of the district court except with respect to those matters in which jurisdiction is reserved by statute or rules. . .
> Application of the general rule here would oust the Court of jurisdiction to determine the instant motion in the absence of an authorization from the Court of Appeals. . . . There is no contention here, however, that [plaintiff] is not going to prosecute the appeal. It there-

fore appears that a valid and timely appeal having been taken, this Court is without jurisdiction to grant applicant's motion in the absence of a remand of the question from the Court of Appeals.

■ In the event the motion to intervene had been filed prior to a "notice of appeal", but after the judgment order had been entered, the motion to intervene would probably have been denied on the ground that it was untimely. Prior to granting a motion to intervene, a court must determine whether the motion is timely. If it is untimely, the motion must be denied. *NAACP v. New York*, 413 U.S. 345, 365, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973). A brief review of the record discloses that this motion would have been untimely. This action was commenced more than four years ago, the nine week trial on the merits was concluded one year ago, the opinion of the Court was filed about six months ago, and final judgment has been entered. *Chase Manhattan Bank v. Corporacion Hotelera de Puerto Rico*, 516 F.2d 1047, 1050 (1st Cir. 1975); *Hoots v. Commonwealth of Pennsylvania*, 495 F.2d 1095, 1097 (3d Cir.), *cert. denied*, 419 U.S. 884, 95 S.Ct. 150, 42 L.Ed.2d 124 (1974).

■ Furthermore, in their motion to intervene, petitioners advance as a reason for intervention the desire to file a motion for a new trial or amendment of judgment pursuant to Fed.R.Civ.P. 59. However, the period for filing such a motion expired prior to their filing their motion to intervene. Petitioners also allege as a reason for intervention their desire to file a motion for relief of judgment pursuant to Fed.R.Civ.P. 60(b) which provides for relief from judgment on such grounds as mistake, inadvertence, excusable neglect, newly discovered evidence, or fraud. Neither petitioners' motion nor brief in support thereof sets forth any such contention. Petitioners also allege that they wish to intervene in order to obtain a stay of the judgment order. The matter of stay has already been determined by both this Court and the Court of Appeals. Lastly, petitioners state that they wish to intervene in order to participate in

the appeal. Intervention in the appellate process is clearly a matter within the jurisdiction of the Court of Appeals.

 Petitioners have not presented to this Court a situation comparable to that recently presented to the Third Circuit in *Bolden v. Pennsylvania State Police*, 578 F.2d 912 (3d Cir. 1978). The Court's order in the instant case is not a consent decree, it was vigorously contested and there are no present plans to modify the order which is now on appeal before the Third Circuit. Petitioners are members of the plaintiff class who now wish to contest the findings of fact, conclusions of law and the Court's judgment order. The proper forum for this attack is the Court of Appeals. Their contentions were presented and their interests adequately represented at the trial before this Court by counsel of record. Petitioners have not requested intervention for the purpose of participating in the implementation of the Court's Order. As the master, to be appointed by the Court, works with the parties in connection with the formulation of plans implementing the Order of the Court, the petitioners will be given every opportunity to participate should they desire to do so.

Accordingly, we shall enter an Order dismissing petitioners' motion to intervene.