**UNITED PARCEL SERVICE, INC.,
et al.**

v.

**UNITED STATES POSTAL SERVICE.**

Civ. A. No. 79–644.

United States District Court,
E. D. Pennsylvania.

Sept. 11, 1979.

George P. Williams, III, Robert L. Kendall, Jr., John E. McKeever, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for plaintiffs.

Peter F. Vaira, U.S. Atty., Alexander Ewing, Jr., Asst. U.S. Atty., Philadelphia, Pa., Frances G. Beck, Asst. Gen. Counsel, Frank R. Heselton, Jr., U.S. Postal Service, Washington, D. C., for defendant.

OPINION AND ORDER

EDWARD R. BECKER, District Judge.

The United States Postal Service has moved for dissolution of the preliminary injunction entered against it in this action on February 28, 1979. Because we find that the motion does not satisfy the prerequisite for relief under Fed.R.Civ.P. 62(c) and because the Postal Service's timely ap-

peal from that injunction has divested this court of jurisdiction to relief other than that authorized by Rule 62(c), the motion will be denied.

On September 8, 1978, the Postal Service filed with the Postal Rate Commission a request for a recommended decision on certain proposed changes in the rates and classifications applicable to parcel post.[1] In its September 8 filing, the Postal Service proposed that a surcharge of $1.50 be imposed on each parcel defined as "non-machineable." It also proposed sharp cuts in the rates applicable to "bulk" parcel post, as well as some changes in the classification schedule which would expand the number of mailings qualifying for the bulk parcel post rates. On February 15, 1979, the Postal Service published a notice that the proposed changes would be implemented on a temporary basis ten days later. 44 Fed. Reg. 9819.

The plaintiffs (UPS) initiated this action on February 20, 1979, seeking a temporary restraining order and preliminary and permanent injunctive relief against the implementation of the proposed temporary changes. In the first count of its complaint, UPS argued that the proposed changes were subject to, and would violate, 39 U.S.C. §§ 3624(c) and 3641(a). Section 3624(c) provides that the Postal Rate Commission must transmit its recommended decision within ten months after the Postal Service has requested a change in rates or fees pursuant to § 3622, except that the Commission may extend the ten-month period if the Postal Service has unreasonably delayed consideration of its request "by failing to respond within a reasonable time to any lawful order of the Commission." Section 3641(a) permits the Postal Service to implement its recommended changes on a temporary basis only after the Commission has failed to transmit a recommended decision within the time allowed by § 3624(c). Thus, UPS contended, the Postal Service could not legally implement the rate changes included in its September 8, 1978 filing until July 8, 1979, or such later date as might be set by the Commission pursuant to 39 U.S.C. § 3624(c)(2). The Postal Service argued in response that the requested changes were not rate changes subject to §§ 3622, 3624(c), and 3641(a), but only classification changes with "incidental" effects on rates, which would therefore be subject to §§ 3623 and 3641(e), which impose only a 90-day "waiting period" after filing before temporary changes may be implemented.

The second count of the complaint sought relief on the ground that temporary implementation of the proposed change in the classification schedule applicable to the bulk parcel post subclass would violate a settlement agreement entered into by the Postal Service and UPS, among others, in a previous classification proceeding. The third count was similar to the first, but was based on the withdrawal by the Postal Service of certain testimony filed with its request on September 8, 1978, and the substitution of other testimony. The complaint asked that the statutory "waiting period" be determined to have begun only on the date that the substituted testimony was filed.

A hearing was held on February 23, at which time the Postal Service agreed to hold its proposed action in abeyance until March 1. On February 28, we entered the preliminary injunction requested by the plaintiffs. In a contemporaneous oral opinion ("Bench Opinion"), we explained that the grant of the injunction was based on the first count of the complaint. We found that the Postal Service's proposal combined classification aspects with rate aspects which, far from being incidental, were both predominant and inseparable, and we rejected the defense that the Postal Service was able to exempt a rate change request from the statutory strictures applicable thereto by the simple expedient of denoting

---

1. The statutory scheme which controls the setting and changing of postal rates and classifications is found at 39 U.S.C. §§ 3601–3685. For a discussion of the statute and its background, see *United Parcel Service, Inc. v. United States Postal Service*, 455 F.Supp. 857 (E.D.Pa.1978), aff'd 604 F.2d 1370 (3d Cir. 1979).

it a request for a "classification" change in its original filing with the Postal Rate Commission.

Because our grant of relief on the basis of Count One made it unnecessary for us to resolve the issues presented by Counts Two and Three at that time, we did not do so. *See* Bench Opinion, at 5, 23. We did, however, express our view that Count Two could "go either way. I suppose that that gives the edge to the Postal Service on Count 2 because, after all, the plaintiffs have the burden of proof." *Id.,* at 5. We expressed no view on the merits of Count Three because it involved an issue within the primary jurisdiction of the Postal Rate Commission. We did, however, note the possibility that the passage of time might require resolution of the merits of Count Three:

> I will add only that I recognize the possibility that ten months may elapse prior to final determination of this action. In such event the Postal Service of course has leave to move for dissolution of the injunction. Having so stated I intimate no view with respect to the factual issues involved in Count 3.

> \* \* \* \* \* \*

> . I think that my remarks relative to Count 3 during the course of the bench opinion suggests the wisdom of obtaining some interpretation from the Commission as to the effect of the discussion of the Graham/Watts testimony or the Be-

lenky/Kolin testimony as it may impact upon my findings with respect to Count 3.

*Id.,* at 26–27A.[2]

On March 1, the Postal Service filed a notice of appeal from the entry of the preliminary injunction; that appeal has been docketed as # 79–1359 in the United States Court of Appeals for the Third Circuit. The case was placed on an expedited schedule and briefing was completed in May 1979. We understand that the case will be heard next month (in October 1979).

The Postal Service has now moved for dissolution of the preliminary injunction, citing the foregoing language from the Bench Opinion. The Postal Service's argument is essentially tripartite. First, it contends at length that its request before the Commission is a classification case, and not a rate case, and that we erred in so determining. Second, in light of the Postal Rate Commission's ruling with respect to the effective filing date of the Postal Service's request, *see* note 2, *supra,* it asks us to find that the "run date" for that request is September 8, 1978. Finally, the Postal Service calls our attention to those portions of the Commission's Order No. 280 extending the date on which its recommended decision is due by 151 days "in order to demonstrate their invalidity." Therefore, even if we should persist in viewing the matters pending before the Commission as including rate change requests which are subject to §§ 3624(c) and 3641(a), the Service submits

**2.** UPS subsequently filed a motion before the Postal Rate Commission seeking a declaration of the date on which the Postal Service's filing was effective for the purpose of determining the date ten months later when the Commission's recommended decision was due and on which the Postal Service could implement temporary rates. In Order No. 280, issued May 18, 1979, the Commission decided that a retrospective change in the effective date of a filing, while possibly "warranted in extraordinary circumstances," was not "an appropriate remedy in this instance." Instead, the Commission invoked its authority under 39 U.S.C. § 3624(c)(2) and extended the date on which its recommended decision is due until December 5, 1979, determining that the Postal Service had unrea-

sonably delayed the consideration of its request. In making that determination, the Commission placed major reliance on the failure of the Postal Service "to produce a number of informational items ordered to be produced by the Presiding Officer." Order No. 280, at 26. After considering motions to modify or vacate Order No. 280 filed by the Postal Service, The Florida Gift Fruit Shippers Association, and the Parcel Shippers Association, the Commission issued Order No. 288 on July 3, reaffirming the determinations made in Order No. 280. We have been informed that the Parcel Shippers Association has now instituted an action in the United States District Court for the District of Columbia seeking to review and set aside the Commission's order of extension.

that the injunction should be dissolved because the ten-month period which began with the September 8 filing ended on July 8, 1979.

Because we were concerned that the pending appeal might have divested this court of jurisdiction to consider the merits of the Postal Service's motion, we requested supplemental briefs on that issue. After consideration of the jurisdictional question, we find it dispositive, and accordingly do not reach the merits of the motion before us.

In *S.E.C. v. Investors Security Corp.*, 560 F.2d 561, (3d Cir. 1977), the Court of Appeals for this circuit reaffirmed its adherence to the "well settled" doctrine that

> [f]iling of a notice of appeal immediately transfers jurisdiction of a case from the District Court to the Court of Appeals. *Hovey v. McDonald*, 109 U.S. 150, 157, 3 S.Ct. 136, 27 L.Ed. 888 (1883); *Plant Economy, Inc. v. Mirror Insulation Co.*, 308 F.2d 275, 276–77 (3d Cir. 1962). During the pendency of the appeal the District Court retains only the limited authority to take any steps that will assist the Court of Appeals in its determination. *United States v. Lafko*, 520 F.2d 622, 627 (3d Cir. 1975).

*Id.*, at 568. *See Holton v. Crozer-Chester Medical Center*, 560 F.2d 575, 578 (3d Cir. 1977); *Hattersley v. Bollt*, 512 F.2d 209, 215 & n.17 (3d Cir. 1975); *Janousek v. Doyle*, 313 F.2d 916, 920 (8th Cir. 1963); *Halderman v. Pennhurst State School and Hospital*, 452 F.Supp. 867, 869 (E.D.Pa.1978) (Broderick, J.). *Cf. Pitts v. Kunsman*, 363 F.2d 841, 842 (3d Cir. 1966).

However, cases in which appeals are taken pursuant to 28 U.S.C. § 1292(a)(1) from orders granting or denying interlocutory injunctions form a well-recognized exception to this general rule. In such cases, it is generally held that "the filing of the notice of appeal . . . does not ipso facto divest the district court of jurisdiction to proceed with the cause *with respect to any matter not involved in the appeal . . ."* *Janousek v. Doyle, supra,* at 920 (emphasis added). *Accord, e. g., DePinto v. Provident Security Life Insurance Co.*, 374 F.2d 50, 51 n.2 (9th Cir.) *cert. denied*, 389 U.S. 822, 88 S.Ct. 48, 19 L.Ed.2d 74 (1967); *Macon v. Bailar*, 428 F.Supp. 182, 184–85 (E.D.Va. 1977); *Armstrong v. O'Connell*, 416 F.Supp. 1325, 1329 (E.D.Wis.1976); *United States v. City of Chicago*, 411 F.Supp. 218, 246–47 (N.D.Ill.1976) (Marshall, J.), *aff'd in part, rev'd in part*, 549 F.2d 415 (7th Cir.) *cert. denied*, 434 U.S. 875, 98 S.Ct. 225, 54 L.Ed.2d 155 (1977); 9 Moore's Federal Practice ¶ 203.11, at 734, 739 (2d ed. 1975). Therefore, we have jurisdiction to proceed to a final adjudication of the merits of the case, even if the effect of such adjudication is to moot the pending appeal. *E. g., Janousek, supra; City of Chicago, supra,* at 247 (citing cases).

But what the Postal Service seeks here is dissolution in this court of the very order which is the subject of its pending appeal. Its contention that we have jurisdiction to grant the relief requested is based on Rule 62(c), Fed.R.Civ.P., which provides in relevant part:

> *Injunction Pending Appeal.* When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party.

Although this rule facially preserves the district court's jurisdiction over orders on appeal, that jurisdiction is circumscribed by the limited purpose of Rule 62(c): "It is well settled that 62(c) is expressive of the power in the courts to preserve the status quo pending appeal." *Pettway v. American Cast Iron Pipe Co.*, 411 F.2d 998, 1003 (5th Cir. 1969). *Accord, e. g., Ideal Toy Corporation v. Sayco Doll Corporation*, 302 F.2d 623, 625 (2d Cir. 1962); *United States v. El-O-*

*Pathic Pharmacy*, 192 F.2d 62, 79 (9th Cir. 1951); *Macon v. Bailar*, 428 F.Supp. 182, 185 (E.D.Va.1977); *Environmental Defense Fund, Inc. v. Froehlke*, 348 F.Supp. 338, 366 (W.D.Mo.1972) *aff'd*, 477 F.2d 1033 (8th Cir. 1973).

This issue—the extent of a district court's jurisdiction over the very injunction appealed from—appears to have been first decided in *Ideal Toy Corporation v. Sayco Doll Corporation*, 302 F.2d 623 (2d Cir. 1962). There, the court affirmed the district court's denial of a motion to vacate a preliminary injunction from which an appeal was pending:

> It was proper, to be sure, for Judge Bryan to take jurisdiction of the motion pursuant to Rule 62(c), Fed.Rules Civ. Proc., which permits modification of injunction orders during the pendency of an appeal. But this rule is described as "merely expressive of a power inherent in the court to preserve the *status quo* where, in its sound discretion, the court deems the circumstances to justify." 7 Moore ¶ 62.05; see *United States v. El-O-Pathic Pharmacy*, 192 F.2d 62 (9th Cir. 1951); *Shinholt v. Angle*, 90 F.2d 297, 298 (5th Cir.), *cert. denied* 302 U.S. 719, 58 S.Ct. 40, 82 L.Ed. 555 (1937).

Of course, absent an appeal, a district court has complete power over its interlocutory orders. *John Simmons Co. v. Grier Bros.*, 258 U.S. 82, 42 S.Ct. 196, 66 L.Ed. 475 (1922); 7 Moore ¶ 60.16[4]. And, absent an appeal, it lay within the discretion of the district court to consider newly presented evidence . . . . *Marconi Wireless Telegraph Co. v. United States*, 320 U.S. 1, 46–49, 63 S.Ct. 1393, 87 L.Ed. 1731 (1943).

Once the appeal is taken, however, jurisdiction passes to the appellate court. Thereafter the appellant is not usually entitled as of right to present new evidence or argument to the trial court, which in the exercise of a sound discretion will exercise jurisdiction only to preserve the *status quo* as of the time of

appeal. Appellant's proper procedure is then to request leave of the court of appeals to proceed in the lower court. He need not even dismiss his appeal, for we have always been ready to suspend proceedings while new matter was introduced below. *See, e. g., Triumph Hosiery Mills, Inc. v. Triumph International Corp.*, 191 F.Supp. 937 (S.D.N.Y.1961). But absent permission of the appellate court to reopen, sound judicial administration demands that unless the judge is satisfied that his order was erroneous he shall use his power under Rule 62(c) only to preserve the status of the case as it sits before the court of appeals.

*Id.*, at 625. In *Morning Telegraph v. Powers*, 450 F.2d 97 (2d Cir. 1971) *cert. denied*, 405 U.S. 954, 92 S.Ct. 1170, 31 L.Ed.2d 231 (1972), that court reaffirmed its view that a district court had no jurisdiction to consider dissolution of a preliminary injunction which had been appealed. In yet another case from the same circuit, *State of New York v. Nuclear Regulatory Commission*, 550 F.2d 745 (2d Cir. 1977), the plaintiff moved in the district court for a preliminary injunction after it had appealed the denial of an earlier, but similar motion.

> [C]onstruing the later motion to be one seeking to reargue the earlier motion on the basis of the new affidavits, the district court believed that Rule 62(c) of the Federal Rules of Civil Procedure controlled the situation and that under our decision in *Ideal Toy Corp. v. Sayco Doll Corp.*, 302 F.2d 623 (2d Cir. 1962), the district court lacked jurisdiction to tamper in any way with the order then on interlocutory appeal other than to issue orders designed to preserve the status of the case as it sat before the court of appeals. We agree. It is obvious, of course, that if on the basis of the new evidence Judge Connor had reconsidered his denial of the original motion and granted the preliminary relief appellant was again seeking, the judge would have acted in contravention of our holding in *Sayco* and would have accomplished pre-

cisely what *Sayco* intended to prevent—destruction, rather than preservation of the posture of the case as it sat before the court of appeals.

*Id.,* at 758–59 (footnote omitted).

■ The rule that emerges from the three Second Circuit cases can perhaps be summarized as follows: When an appeal is pending from a preliminary injunction, the district court has jurisdiction under Rule 62(c) to grant only such relief from the injunction as may be necessary to preserve the status quo pending appeal. However, absent leave of the appellate court, the district court has no other jurisdiction over the order then on appeal.[3]

Although no other court of appeals has decided this question, decisions on related issues from this and other circuits are consistent with the Second Circuit's approach. *S.E.C. v. Investors Security Corp.,* 560 F.2d 561, 568 (3d Cir. 1977) (district court powerless to permit intervention after appeal from final judgment pending); *Holton v. Crozer-Chester Medical Center,* 560 F.2d 575, 578 (3d Cir. 1977) (district court powerless to permit amendment to complaint seeking injunctive relief once appeal under § 1292(a) had been taken from order of dismissal); *Hattersley v. Bollt,* 512 F.2d 209, 215 (3d Cir. 1975) (even though Rule 59(e) motion was timely filed, notice of appeal filed earlier by another party divested district court of jurisdiction to consider motion); *Matter of Combined Metals Reduction Company,* 557 F.2d 179, 200–01 (9th Cir. 1977) (district court in bankruptcy case powerless to vacate interlocutory order from which appeal had been taken); *Turner v. HMH Publishing Company,* 328 F.2d 136 (5th Cir. 1964) (when, after entry of preliminary injunction, motion to amend and then notice of appeal are filed on same day, pendency of motion to amend requires dismissal of appeal as premature). *Cf. Pitts v. Kunsman,* 363 F.2d 841, 842 (3d Cir. 1966); *Chief Freight Lines, Inc. v. Local Union No. 886,* 514 F.2d 572, 578 (10th Cir. 1975).[4]

■ In light of the foregoing authority, we have jurisdiction to determine whether relief is appropriate under Rule 62(c) to preserve the status quo pending appeal. But whether or not the events that have occurred since the entry of the injunction, including the passage of time itself, may have altered the probability that the plaintiffs will ultimately prevail on the merits of their various claims, those events have not in the least affected our judgment as to the correctness of the basis for our preliminary

---

**3.** The Postal Service suggests that we reject the *Sayco* holding, and adopt instead the reasoning of Circuit Judge Clark's dissent in *Sayco*:

The purpose and sole function of a preliminary injunction is to preserve the status quo pending litigation. *Hamilton Watch Co. v. Benrus Watch Co.,* 2 Cir., 206 F.2d 738; *Doeskin Products v. United Paper Co.,* 7 Cir., 195 F.2d 356; 7 Moore's Federal Practice ¶ 65.04[1] (2d Ed. 1955). Of course such an order in actual effect substantially alters the prior relations of the parties . . . . *Perry v. Perry,* 80 U.S.App.D.C. 337, 190 F.2d 601. The injunction preserves what the court believes to be the lawful situation. Thus if for any reason the court were to change its estimation of the validity of plaintiff's case, its estimation of the *lawful* status quo would also change. In such a situation, dissolving the preliminary injunction would be the proper way of maintaining the correct state of affairs.

302 F.2d at 628. Although this dissent was of course rejected by the *Sayco* majority and again, implicitly, in the *Morning Telegraph* and *State of New York* cases, it is described as "persuasive" in 11 C. Wright and A. Miller, Federal Practice and Procedure § 2904, at 320 n. 40 (1973), and in fact persuaded the court in *Dow Chemical, USA v. CPSC,* 464 F.Supp. 904 (W.D.La.1979). In that case, however, the court apparently read *Sayco* as requiring leave of the appellate court even before a Rule 62(c) motion could be considered; we read *Sayco* as requiring such leave only for an exercise of jurisdiction beyond the ambit of Rule 62(c).

**4.** We have examined the recent opinion of the First Circuit in *Commonwealth of Puerto Rico, et al. v. The SS Zoe Colocotroni* (No. 78–1843, filed 7/19/79 elucidating the terms under which District Courts may consider Rule 60(b) motions for relief from orders on appeal. We find the 60(b) situation distinguishable. Moreover, if it is not, the available evidence suggests that the Third Circuit would align itself with the Second and Tenth Circuits rather than the First Circuit even on the issue before that Court in *The SS Zoe Colocotroni.*

injection order, or the need for the injunction order now in effect to preserve the status quo and prevent irreparable harm to the plaintiffs. The latter concern forms the limit of our present charter. But far from preserving the status quo, an order dissolving or suspending the injunction would significantly alter it. Thus, the relief sought by the Postal Service is beyond the ambit of Rule 62(c).[5]

 In the alternative, considered as a request that we reconsider the legal merits of the plaintiffs claims in the light of changed circumstances and new evidence, we believe that the motion must be denied for want of jurisdiction to proceed without leave from the Court of Appeals. Since the Third Circuit has noted that "[a] district court may, of course, continue to take action in a case [in spite of an appeal] with leave from the appellate court, "*S.E.C. v. Investors Security Corporation, supra*, 560 F.2d at 568, it would appear that the Postal Service is free to seek such leave, or, through an appeal from this order, a ruling that no such leave is necessary.[6]

---

**5.** Moreover, granting relief might also delay proceedings on the appeal, hearing of which is imminent.

**6.** *See* n. 4, *supra.* In dictum, the *Sayco* court did suggest that the district court might vacate an injunction without leave of the appellate court and beyond the scope of Rule 62(c) if it was convinced "that the order was erroneous."

Since we have not altered our view on which the preliminary injunction was based, *i. e.* that the Postal Service's request has significant rate elements which must be subject to the restraints of 39 U.S.C. §§ 3622, 3624(c), and 3641(a), that dictum is not relevant to our disposition of the Postal Service's motion to dissolve.