473 F.2d 1028
 5 Fair Empl.Prac.Cas. 679, 5 Empl. Prac. Dec. P 8476
 LOCAL UNION 1888 OF the AMERICAN FEDERATION OF STATE, COUNTY
AND MUNICIPAL EMPLOYEES, AFLCIO, et al.,
Plaintiffs-Appellants,
v.
The CITY OF JACKSON, MISSISSIPPI et al., Defendants-Appellees.
 
 No. 72-1296.
 United States Court of Appeals,
Fifth Circuit.
 Feb. 22, 1973.
 Dixon L. Pyles, Danny E. Cupit, William H. Alsup, Jackson, Miss., for plaintiffs-appellants.
 Lawrence J. Franck, Thomas H. Watkins, Clifford C. Chittim, Robert E. Perry, Jackson, Miss., Alan S. Rosenthal, Dept. of Justice, Washington, D. C., Robert E. Hauberg, U. S. Atty., Jackson, Miss., David Epstein, Dept. of Justice, Washington, D.C., for defendants-appellees.
 Before GEWIN, BELL and GODBOLD, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal is from an order dismissing four federal defendants in a civil rights suit. The union and named individuals brought a class action seeking declaratory and injunctive relief as well as damages against the City of Jackson, certain city officials, the Jackson Chamber of Commerce, and four federal officials sued in their official capacities. These four federal officials are the Attorney General of the United States, and the Secretaries of HUD, HEW, and the Department of Labor. Plaintiffs claim that the City of Jackson maintains a policy of racial and sexual discrimination in its employment practices and in its refusal to deal with the union. More specifically, as to the federal agencies, plaintiffs contend that they have appropriated and turned over to the City of Jackson federal funds which are being used in a manner that perpetuates the discriminatory practices of the city, thereby allegedly violating Title VI of the Civil Rights Act. (42 U.S.C.A. Sec. 2000d et seq.) The dominant theme of the complaint is the failure of the city to recognize the union as the bargaining representative of the class and to negotiate with the union regarding the alleged discriminatory practices.
 
 
 2
 The district court granted motions to dismiss as to the Department of Justice and Labor and summary judgment in favor of Secretaries of HEW and HUD. This appeal followed with the case continuing in the district court as to all other defendants. The initial question presented is whether the orders under consideration are appealable. We hold that they are not and dismiss the appeal.
 
 
 3
 We begin by noting the absence of a certificate under 28 U.S.C.A. Sec. 1292(b), or Rule 54(b), F.R.Civ.P., so as to make possible an interlocutory appeal. The other basis for allowing the instant appeal would be as an appeal from the denial of a preliminary injunction under 28 U.S.C.A. Sec. 1292(a)(1). As will be seen, there is no substance in this suggestion. It is manifest from a careful reading of the complaint that there has been no denial of the preliminary injunctive relief which was primarily sought. The purpose of the suit was to end the City of Jackson's alleged racial and sexual employment discrimination, and to obtain a decree requiring the City of Jackson to negotiate with the union. The basic prayer of the complaint is for preliminary and permanent injunctive relief requiring the City of Jackson to end all racial and sexual employment discrimination and to recognize and negotiate with Local Union 1888. Thereafter, there is a prayer for a "temporary and permanent injunction enjoining officials and departments of the United States" from disbursing any funds to Jackson "until such time as the defendant city has fully complied with the relief prayed for against it." It is thus clear that the City of Jackson is the primary defendant against whom relief including preliminary injunctive relief is sought.
 
 
 4
 The federal defendants are in the nature of ancillary parties-defendant, rather than primary defendants. The dismissal of these defendants from the lawsuit in no way prevents the plaintiffs from obtaining injunctive relief against the primary defendant. Whether relief might be appropriate as against the federal defendants must await the resolution of the central issue, the claims against the city. As we construe the prayers, recovery by plaintiffs against the city is a condition precedent to any effort to obtain relief as against the federal defendants.
 
 
 5
 Appeal dismissed.