Richard **PLEKOWSKI**,
Plaintiff-Appellant,

v.

**RALSTON–PURINA COMPANY**,
Defendant-Appellee.

**In re Richard J. PLEKOWSKI**,
Petitioner.

Nos. 77–1270 and 77–1594.

United States Court of Appeals,
Fifth Circuit.

Aug. 22, 1977.

F. Kennedy Hall, Benjamin M. Garland, Macon Ga., Emmett J. Bondurant, Jerre B. Swann, Susan A. Cahoon, Atlanta, Ga., for Plekowski.

John D. Comer, Macon, Ga., Gordon F. Hampton, Finley L. Taylor, Los Angeles, Cal., for Ralston-Purina Co.

Before BROWN, Chief Judge, RONEY and HILL, Circuit Judges.

JAMES C. HILL, Circuit Judge:

This case is before the court on a consolidated petition for writ of mandamus and motion to dismiss the appeal. After careful consideration we conclude that mandamus is inappropriate and that the appeal should be dismissed.

Petitioner-appellant, Richard J. Plekowski (plaintiff), alleges that respondent-appellee, Ralston Purina Company (defendant), violated Section 1 of the Sherman Act, as amended, 15 U.S.C.A. § 1, and Section 3 of the Clayton Act, 15 U.S.C.A. § 14, by its credit tie-in arrangement with plaintiff and thousands of similarly situated farmers. Basically, two types of tying arrangements are alleged: (1) where defendant extends credit on feed sales to farmers on the condition that all subsequent feed be purchased exclusively from defendant; and (2) where defendant loans money to poultry producers to enable them to purchase chickens from independent hatcheries on the condition that all feed be purchased from defendant. Plaintiff brought this action as a class action, claiming that these arrangements constituted *per se* violations of the antitrust laws.

Plaintiff seeks to invoke this court's supervisory jurisdiction under the All Writs Act, 28 U.S.C.A. § 1651, to review orders of the district court entered on July 11, 1975, *Plekowski v. Ralston Purina Co.*, 68 F.R.D. 443 (M.D.Ga.1975) (denying class certification), August 15, 1975 (denying reconsideration of prior order and denying plaintiff's motion for partial summary judgment), June 25, 1976 (denying plaintiff's motion to compel answers to certain interrogatories), and December 21, 1976 (denying a series of motions including a motion to certify for immediate appeal). Plaintiff asserts that the collective effect of these rulings has been to deny him a fair opportunity to establish his right to proceed with a class action and to deny discovery essential to proof of his individual antitrust claim; to foreclose his proceeding on the central legal theory of his case; and to compel a lengthy trial, the result of which is preordained.

Plaintiff lists eight grounds which allegedly justifies the issuance of a writ. They are (1) abuse of discretion in ruling on procedural motions, (2) use of legally irrelevant factors to influence the decision of otherwise discretionary motions, (3) entry of an order which effectively nullifies one of the Federal Rules of Civil Procedure; (4) rulings on matters of law which plainly conflict with controlling precedents, (5) entry of an order without appropriate procedural safeguards, (6) limitations on discovery likely to have a major impact on the trial, (7) entry of rulings in conflict with rulings of other district courts in the same circuit, and (8) entry of orders making a long and burdensome retrial necessary.

■ "The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations", *Kerr v. United States District Court*, 426 U.S. 394, 402, 96 S.Ct. 2119, 2124, 48 L.Ed.2d 725 (1976), and the writ should issue only when the right to such relief is "clear and indisputable." *United States ex rel. Bernardin v. Duell*, 172 U.S. 576, 582, 19 S.Ct. 286, 43 L.Ed. 559 (1899). It is not to be used as a substitute for an appeal, or to control the decision of the trial court in discretionary matters. *Bankers Life & Casualty Co. v. Holland*, 346 U.S. 379, 383, 74 S.Ct. 145, 98 L.Ed. 106 (1953); *Miller v. Connally*, 354 F.2d 206, 208 (5th Cir. 1965). Mandamus may issue, however, if a ruling on a question of law is so "egregiously erroneous" that the action could be deemed a "usurpation of power." *In re Estelle*, 516 F.2d 480, 488 (5th Cir. 1975), *cert. denied*, 426 U.S. 925, 96 S.Ct. 2637, 49 L.Ed.2d 380 (1976) (Godbold, J., concurring in part); *see also Schlagenhauf v. Holder*, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964). The party seeking the writ must have no other adequate means of attaining the relief that he desires. *Kerr v. United States District Court, supra*, 426 U.S. at 403, 96 S.Ct. 2119; *Roche v. Evaporated Milk Assn.*, 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185 (1943).

■ Plaintiff's contentions generally cover the spectrum. First, he asserts that the district court abused its discretion in ruling on several motions. We will not review these discretionary matters *via* petition for writ of mandamus. *Bankers Life & Casualty Co. v. Holland, supra.*

■ Second, plaintiff contends that rulings of the district court are likely to have a major adverse impact on the trial and make an expensive and burdensome retrial necessary. Of course, the very nature of all reversible error mandates that expensive and burdensome retrials occur. Yet, Congress determined very early on that appellate review should be postponed until final judgment has been rendered by the trial court. *Will v. United States*, 389 U.S. 90, 98, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967). Expense and inconvenience, without more, do not justify the issuance of mandamus. *In re Estelle, supra.*

■ Finally, plaintiff urges that mandamus should issue because the district court has erroneously applied the law. In this group we may class the use of legally irrelevant factors, the failure to abide controlling precedent, and the failure to follow procedural safeguards. Before we issue the writ, we must find that the legal errors are "egregious"; that plaintiff is "clearly and indisputably" entitled to relief; and that there are no other adequate means for plaintiff to obtain relief.

Simply stated, we apprehend no reason why the legal errors, if they be errors, raised by plaintiff cannot be considered on appellate review in the usual course of litigation and conclude that this avenue provides an adequate means for plaintiff to attain relief. Mandamus is a drastic remedy designed for extraordinary situations. Undoubtedly, plaintiff has been frustrated by the proceedings thus far in the prosecution of his case and it may be that ultimately an expensive retrial may be necessary. However, we find nothing extraordinary in these circumstances that should cause us to resort to such a drastic remedy.

■ Plaintiff also noticed an appeal from the district court order of December 21, 1976, denying certification of a redefined class. Plaintiff essentially relies upon two

theories to establish appealability. The first theory is represented by *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) and *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). In *Cohen* the question was whether a federal court sitting in diversity must apply a state statute which required plaintiff to post security for the reasonable expenses of the defense. The issue in *Eisen* was whether defendants could be required to pay 90% of the notice costs in a class action securities case. Each of these questions was held to concern a collateral matter that could not be reviewed effectively on appeal from a final judgment. Resolution of these issues required the parties to do, or excused them from doing, an act which, once done, could not be reversed on appeal from a final judgment in the case. The denial of class certification in the instant case may effectively be reviewed on appeal.

Plaintiff's alternative theory derives from the decision in *Jones v. Diamond*, 519 F.2d 1090 (5th Cir. 1975). The opinion relies upon 28 U.S.C.A. § 1292(a)(1) which permits an interlocutory appeal from an order "granting, continuing, modifying, refusing or dissolving injunctions". The essence of the decision is that the denial of class certification in some circumstances may for all practical purposes be tantamount to refusing an injunction.

Application of the rule is dependent upon establishing two requisites. First, the prayer for an injunction must constitute the heart of the relief sought, and, second, the practical result of the order denying class certification must be to deny the requested broad injunction. The instant case is a private antitrust action seeking treble damages. Plaintiff admits that the amount of his individual claim is "large." In addition, defendant represents that it no longer uses the contracts challenged by plaintiff. We apprehend that the prayer for an injunction does not constitute the heart of the relief sought in this case.

Appellee's motion to dismiss the appeal in cause No. 77–1270 is GRANTED. The petition for writ of mandamus in cause No. 77–1594 is DENIED.