Gordon GOULD and Refac International, Limited, Plaintiffs,

Gordon Gould, Plaintiff-Appellant,

v.

CONTROL LASER CORP., and Holobeam Laser Corp., Defendants-Appellees.

No. 79–3405.

United States Court of Appeals, Fifth Circuit. Unit B

July 13, 1981.

Lerner, David, Littenberg & Samuel, William L. Mentlik, argued, Richard I. Samuel, Westfield, N. J., for plaintiff-appellant.

. Duckworth, Hobby, Allen & Pettis, Robert W. Duckworth, Orlando, Fla., Drinker, Biddle & Reath, Stewart Dalzell, argued, Edward M. Posner, Philadelphia, Pa., for defendants-appellees.

Before JONES, FAY and HENDERSON, Circuit Judges.

HENDERSON, Circuit Judge:

This is an appeal from two district court orders granting the defendants summary judgment on two of the three counts of the complaint. The other count remains for trial in the district court, thereby foreclosing our jurisdiction to review the partial summary judgments themselves. However, the complaint also sought injunctive relief. Arguably, the orders granting summary judgment effectively denied the prayer for an injunction. To the extent that we have jurisdiction to review this constructive denial of injunctive relief, we affirm.

Our limited review renders unnecessary an extended discussion of the substantive issues. Appellate jurisdiction is the most difficult aspect of this appeal, making a detailed examination of the pleading sequence necessary.

On October 19, 1977, Gordon Gould sued Control Laser Corporation (Control), claiming patent infringement. Control denied the allegations and filed a counterclaim for a declaration of invalidity and non-infringement. Gould then sought by amendment to add Holobeam Laser Corporation (Holobeam), a wholly owned subsidiary of Control, as a defendant and to include claims of group boycott and intentional interference with patent rights. The motion to amend was denied on July 31, 1978.

On July 25, 1978, Gould filed the present action against Control and Holobeam. He charged both with patent infringement, antitrust conspiracy and tortious interference with his patent rights. On November 27, 1978, the district court granted the defendants' motion to join Gould's licensing agent, Refac International, Ltd. (Refac), as an indispensable party plaintiff, and granted the defendants' motion for summary judgment on the conspiracy count. *Gould v. Control Laser Corp.*, 462 F.Supp. 685 (M.D.Fla. 1978).[1] On the same day the two pending cases were consolidated by order of the court.

On December 20, 1978, Gould and Refac filed another amended complaint, basically restating the three causes of action—patent infringement, antitrust conspiracy and tortious interference with patent rights—but adding Refac as a plaintiff. This second amended complaint also contained requests for preliminary and permanent injunctions.[2]

---

1. After his motion for reconsideration was denied Gould appealed this order. Gould apparently agreed to dismiss, and on February 22, 1979, this court granted the appellees' motion to dismiss the appeal.

2. In the second (conspiracy) count the plaintiffs sought

    A. A preliminary and permanent injunction enjoining the defendants from concerted ac-

The defendants immediately moved to strike the conspiracy count as it related to Gould, and for summary judgment thereon against Refac. On February 16, 1979, the defendants moved for summary judgment on count three. The plaintiffs opposed these motions and sought reconsideration of the order granting summary judgment against Gould on the conspiracy count. On May 14, 1979, the district court denied the defendants' motion to strike, but again granted summary judgment, this time against both plaintiffs, on the conspiracy count, reaffirming and incorporating its order of November 27, 1978. On September 10, 1979, the court rendered summary judgment in favor of the defendants on the interference count.

As the case now stands the complaint contains three counts. Count one charges that Control and Holobeam infringed Gould's patent, count two alleges that the defendants and others agreed to boycott the patent in violation of the antitrust laws, and count three complains that the defendants tortiously interferred with Gould's licensing efforts.[3] The defendants admit that they and others considered establishing a fund to finance the defense of infringement actions instituted by Gould, but deny that they conspired to boycott the patent or attempted to induce others to refuse licensing.

On October 3, 1979, Gould[4] appealed "from that part of the decision of [the district court entered] on May 14, 1979 granting the defendants' Motion for Summary Judgment as to Count Two of the Second Amended Complaint, and from the decision of [the district court] entered on

September 10, 1979 granting the defendants' Motion for Summary Judgment as to Count III of the Second Amended Complaint."

Federal Courts are courts of limited jurisdiction. We have only the authority endowed by the Constitution and that conferred by Congress. Because we may not proceed without requisite jurisdiction, it is incumbent upon federal courts—trial and appellate—to constantly examine the basis of jurisdiction, doing so on our own motion if necessary. Accordingly, before addressing the merits of the appeal we must determine whether the order in question is appealable. To be appealable an order must either be final or fall into a specific class of interlocutory orders which are made appealable by statute or jurisprudential exception.

*Save the Bay, Inc. v. United States Army,* 639 F.2d 1100, 1102 (5th Cir. 1981) (citations omitted).

■ Congress granted to the circuit courts jurisdiction over appeals from final district court judgments unless those decisions are appealable directly to the Supreme Court, 28 U.S.C.A. § 1291, and, generally, we are without authority to review district court orders until they become final. Rule 54(b) of the Federal Rules of Civil Procedure explicitly provides that an order adjudicating fewer than all the claims in a multi-claim action is not final unless the district court makes "an express determination that there is no just reason for delay and . . . an express direction for the entry of judgment." The plaintiffs never sought a Rule 54(b) determination and certification from

---

tion against the plaintiffs including, but not limited to, enjoining the defendants from communicating with other members of the group with regard to any negotiations or potential negotiations with the plaintiffs with regard to the patent in suit.

B. A preliminary and permanent injunction against the defendants from inducing or attempting to induce others not parties to this suit to refuse to take a license under the patent in suit.

The third (interference with statutory rights) count used the same words but shifted a comma.

3. The parties cannot agree on Gould's precise accusations and whether there is any difference between counts two and three. We need not join this controversy.

4. The notice only named Gould as the appellant. Refac was listed as a party but not as appealing the district court orders.

the district court, so consequently the orders are not appealable final judgments.[5]

As Gould admits, the only possible source of jurisdiction is 28 U.S.C.A. § 1292(a), which confers appellate authority in us

> of appeals from: (1) interlocutory orders of the district courts ... granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court.

■ Most summary judgments involve considerations not at all relevant to the propriety of injunctive relief, and thus the denial of a motion for summary judgment is not the denial of the movant's request for an injunction and is not appealable as such. *Switzerland Cheese Assoc. v. E. Horne's Market, Inc.*, 385 U.S. 23, 87 S.Ct. 193, 17 L.Ed.2d 23 (1966). On the other hand, an adverse summary judgment necessarily rejects equitable protection. *Compare Gardner v. Westinghouse Broadcasting Co.*, 437 U.S. 478, 98 S.Ct. 2451, 57 L.Ed.2d 364 (1978) *with General Electric Co. v. Marvel Rare Metals Co.*, 287 U.S. 430, 53 S.Ct. 202, 77 L.Ed. 408 (1932). Our first inquiry then is whether an order granting a defendant's motion for summary judgment as to one of several counts is appealable as an "interlocutory order[ ] ... refusing ... [an] injunction [ ]."

The appellate briefs focus exclusively on the correctness of the ruling on the motions for summary judgment, with no mention of permanent or preliminary injunctions, much less the standards under which they are granted or reviewed. The thrust of Gould's argument is that, contrary to the conclusion of the district court, the complaint and affidavits reveal the existence of material issues of facts.[6] In answer to a question posed during oral argument before us, counsel for Gould conceded that we only have jurisdiction to review the denial of injunctive relief, and that our consideration of the merits of the summary judgments should be in the context of reviewing that decision. Nevertheless his presentation was wholly devoted to demonstrating the existence of material issues of fact, never suggesting that his client was entitled to an injunction.

Although the second amended complaint sought preliminary and permanent injunctions, the plaintiffs never pressed the matter in the district court, nor did they call it to our attention. This is not a case where the district court refused to rule, *cf. United States v. Lynd*, 301 F.2d 818, 822–23 (5th Cir.), *cert. denied*, 371 U.S. 893, 83 S.Ct. 187, 9 L.Ed.2d 125 (1962), and Gould does not seek our aid in procuring an injunction, *cf. Watson v. Comm'rs Court of Harrison County*, 616 F.2d 105, 107 (5th Cir. 1980); *McCoy v. Louisiana State Bd. of Education*, 332 F.2d 915, 917 (5th Cir. 1964); *Lynd*. Nor is this a case where the movant—more precisely the constructive movant—claims that he will be irreparably injured if an injunction does not issue. The appellant only poses the question of whether the summary judgments were improper. This issue could have been placed before us simply by following the procedures outlined in Rule 54(b). Gould never applied for Rule 54 certification, however.

■ There has been no showing made that these orders are ripe for appellate review. In any case, Gould has not demonstrated that he is entitled to injunctive re-

---

**5.** There is no assertion that the orders are appealable under the collateral order exception to the final judgment rule. *See Firestone Tire & Rubber Co. v. Risjord*, —— U.S. ——, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981); *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).

**6.** The appellees do question our jurisdiction. They contend that if counts two and three allege separate theories, the present appeal of the summary judgment on the antitrust claim is too late. Gould replies that the same injunctive relief was requested under both counts two and three and therefore an immediate appeal of the constructive denial of the injunction by the summary judgment on count two would have been premature, since the injunctive relief requested thereon was still available under count three, and thus had not been denied finally. We need not address this argument. We note that all orders are reviewable on appeal of the final judgment. *Gloria Steamship Co. v. Smith*, 376 F.2d 46, 47 (5th Cir. 1967).

lief.[7] Consequently, we dismiss in part and affirm the orders to the extent that they are appealable. *Cf. Travelers Indemnity Co. v. Erickson's, Inc.*, 396 F.2d 134, 136 (5th Cir. 1968) (dismissing appeal for want of jurisdiction, but noting error in partial summary judgment).

The Supreme Court recently held that a district court's refusal to enter a consent decree containing injunctive provisions was appealable under 28 U.S.C.A. § 1292(a)(1). *Carson v. American Brands, Inc.*, —— U.S. ——, 101 S.Ct. 993, 67 L.Ed.2d 59 (1981). The Court was careful to note that an order is not appealable merely because it has the "practical effect" of denying an injunction.

For an interlocutory order to be immediately appealable under § 1292(a)(1), however, a litigant must show more than that the order has the practical effect of refusing an injunction. Because § 1292(a)(1) was intended to carve out only a limited exception to the final judgment rule we have construed the statute narrowly to ensure that appeal as of right under § 1292(a)(1) will be available only in circumstances where an appeal will further the statutory purpose of "per-

mit[ting] litigants to effectually challenge interlocutory order of serious, perhaps irreparable, consequence." *Baltimore Contractors, Inc. v. Bodinger, supra,* 348 U.S., [176] at 181 [75 S.Ct. 249 at 252, 99 L.Ed. 233] Unless a litigant can show that an interlocutory order of the District Court might have "serious, perhaps irreparable, consequence," and that the order can be "effectually challenged" only by immediate appeal, the general congressional policy against piecemeal review will preclude interlocutory appeal.

101 S.Ct. at 995–97.

■ As stated earlier, Gould has never even attempted to show that the district court's orders will have irreparable consequences. If the quoted language from *Carson* is taken literally, this failure defeats our jurisdiction.[8] In any event, a movant must prove "a substantial threat that [he] will suffer irreparable injury if the injunction is not granted," *Canal Authority v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) before he will be entitled to a preliminary, *id.*, or a permanent, *United States v. W. T. Grant Co.*, 345 U.S. 629, 73 S.Ct. 894, 97 L.Ed. 1303 (1953), injunction.[9] In this case,

---

**7.** If we have jurisdiction of this appeal, another question naturally follows: What do we review—the summary judgments or the denial of injunctive relief? A litigant's right to appeal interlocutory injunctions only goes to the injunction itself, and he cannot force consideration of the merits of the underlying case except as necessary to review the injunction. *Allen v. Mississippi Comm'n of Law Enforcement*, 424 F.2d 285, 290 (5th Cir. 1970). It is true that in reviewing interlocutory injunctions we may look to otherwise nonappealable aspects of the order, *Mercury Motor Express, Inc. v. Brinke*, 475 F.2d 1086, 1091 (5th Cir. 1973); *Abercrombie & Fitch Co. v. Hunting World, Inc.*, 461 F.2d 1040 (2d Cir. 1972); *Devex Corp. v. Houdaille Industries, Inc.*, 382 F.2d 17, 19–20 (7th Cir. 1967), but we cannot examine the merits of the summary judgments at this time. Rule 54(b) is an adequate vehicle to obtain immediate review of partial summary judgments when necessary, and we should not encourage the practice of appending perfunctory requests for injunctive relief to complaints as a device to secure immediate appeal of all orders.

**8.** *Gray Line Motor Tours, Inc. v. City of New Orleans*, 498 F.2d 293 (5th Cir. 1974), may stand for the proposition that there is no jurisdiction in this case. There the plaintiff alleged

that the city denied it the right to transport passengers to and from the airport, in violation of the constitution and certain statutes. The district court granted summary judgment on the constitutional claim and stayed further proceedings pending state court adjudication of the statutory cause of action. A panel of this court reviewed the stay order, 498 F.2d at 296, but held that the summary judgment was not appealable, 498 F.2d at 295–96. The dissent focused on the stay, but noted that the plaintiff had requested injunctive relief on the constitutional count, 498 F.2d at 301 n. 4. Thus, review was denied in a factual situation precisely analogous to the one we face. The majority opinion did not mention the request for an injunction however. *Contra*, Abercrombie & Fitch. *See generally* 6 Pt. 2 Moore's Federal Practice ¶ 56.21[2] at 56–1279 and n. 14; 16 C. Wright & A. Miller, Federal Practice and Procedure § 3924.

**9.** It is not clear that we have jurisdiction to review even an explicit interlocutory denial of a permanent—as opposed to preliminary—injunction. *Chappell & Co., Inc. v. Frankel*, 367 F.2d 197 (2d Cir. 1966) (en banc); *cf. Goldstein v. Cox*, 396 S.Ct. 471, 90 S.Ct. 671, 24 L.Ed.2d 663 (1970) (direct appeal from 3-judge district court).

the appellant never attempted to "satisfy the court that relief is needed," 345 U.S. at 633, 73 S.Ct. at 897, 97 L.Ed. at 1309, so we cannot say he was entitled to remedy.[10]

Accordingly, the appeal is DISMISSED in part and the orders are AFFIRMED insofar as they deny injunctive relief.

---

**10.** We have reviewed the record. The evidence and pleadings support the denial of an injunction. In so holding, we emphasize that we make no judgment and express no opinion respecting the correctness of the district court's grant of partial summary judgment.