COMMODITY FUTURES TRADING COMMISSION, Plaintiff-Appellant,

v.

PREFERRED CAPITAL INVESTMENT COMPANY, et al., Defendants,

George W. Gramer, Defendant-Appellee.

Nos. 80–1632, 80–1731.

United States Court of Appeals,
Fifth Circuit.

Jan. 7, 1982.

Commodity Futures Trading Commission, Chicago, Ill., Gregory C. Glynn, John G. Gaine, Glynn L. Mays, Howard L. Schwartz, Elizabeth M. Knoblock, Commodity Futures Trading Commission, Washington, D.C., for plaintiff-appellant.

David W. Elrod, Haynes & Boone Law Firm, Dallas, Tex., for Gramer.

Before BROWN, COLEMAN and RUBIN, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Our jurisdiction, generally limited to appeals from final decisions, extends to appeals from interlocutory orders refusing injunctions. A decision to dismiss one party from a suit seeking an injunction against several parties because of the opposing party's failure to comply with discovery orders is not an order refusing an injunction against the dismissed party. We, therefore, lack jurisdiction over this appeal from such an interlocutory order.

The Commodity Futures Trading Commission (CFTC) brought an enforcement action seeking injunctive and ancillary equitable relief against Preferred Capital Investment Company and four individuals associated with the firm including George Gramer. After some skirmishing about discovery and settlement, a detailed account of which it would serve no purpose to recite, the district judge dismissed CFTC's suit against Gramer alone, with prejudice on the basis of Fed.R.Civ.P. 41(b) because the court concluded that CFTC's actions with respect to Gramer "have had the effect of thwarting the orders of the Court with respect to discovery."[1] On motion of CFTC, the court

reconsidered its actions and noted that Rule 41(b) was not the proper ground for dismissal of the suit against Gramer. Accordingly, it changed its order to dismiss the suit against Gramer to have it on failure to comply with discovery orders, relying upon Fed.R.Civ.P. 37(b)(2)(C).[2]

CFTC filed two separate appeals, one from each order. While it is necessary to read both orders, as well as the record, to understand the second order, the district judge revoked the first order, insofar as it is not congruent with the second, merely by entry of his later order. We, therefore, dismiss the appeal from the first order in No. 80–1632 as moot.

We consider one other preliminary matter. Before this case reached oral argument, Gramer brought a motion to dismiss the appeal on the basis that the interlocutory order was not appealable absent a certificate from the district judge expressly determining that there is no just reason for delay, Fed.R.Civ.P. 54(b). A panel of this court denied the motion. The motion is, nonetheless, "also subject to scrutiny by the oral argument panel to whom the case falls." *Western Elec. Co. v. Milgo Electronic Corp.*, 568 F.2d 1203, 1206 n.6 (5th Cir. 1978); *EEOC v. International Longshoremen's Ass'n*, 511 F.2d 273, 276 n.5 (5th Cir.), *cert. denied*, 423 U.S. 994, 95 S.Ct. 421, 46 L.Ed.2d 368 (1975). Accordingly, we directed counsel to discuss the issue of appealability at argument.

The basic principle of appellate jurisdiction is that appeals may be taken only from final judgments. 28 U.S.C. § 1291 (1976). The final judgment rule is based on the policy against piecemeal appeals and the inevitably attendant delay and increase in costs that result from piecemeal appeals. C. Wright, Handbook of the Law of Federal Courts § 101 (3d ed. 1976). "The history of federal appellate jurisdic-

1. Under Fed.R.Civ.P. 41(b), the defendant may move for dismissal of an action or any claim against him "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of the court."

2. Fed.R.Civ.P. 37(b)(2)(C) provides that if a party fails to obey an order to provide or permit discovery, the court may dismiss the action or any part thereof.

tion," however, "has been one of gradual, grudging retreat from the final judgment rule." 9 J. Moore, B. Ward & J. Lucas, Moore's Federal Practice ¶ 110.16 (1980). Appeals of interlocutory decisions are permitted, in the discretion of the court of appeals, when the district judge certifies that the "order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," 28 U.S.C. § 1292(b), or when a judgment disposes of fewer than all claims or all parties and the district judge directs the entry of final judgment, making an express determination that there is no just reason for delay, Fed.R.Civ.P. 54(b). While neither of these paths to immediate appealibility was selected by the district court,[3] they help us to understand the appeal pattern. The Judicial Code now also permits appeals of orders "refusing" injunctions.[4] This exception "was created to afford litigants timely relief from interlocutory orders where the danger of denying justice by delay outweighed the inconvenience and costs of piecemeal appellate review."[5]

■ Each exception to the final judgment rule, however, is to be construed so as to confine its application to the needs that inspired it. See 16 C. Wright, A. Miller, E. Cooper & E. Gressman, Federal Practice and Procedure § 3921, at 10 (1977). The Supreme Court recently noted that § 1292(a)(1) should be construed narrowly, and that the "general congressional policy against piecemeal review" should preclude interlocutory review unless a litigant can show both that the interlocutory order might have a " 'serious, perhaps irreparable, consequence,' and that the order can be 'effectually challenged' only by immediate appeal." *Carson v. American Brands, Inc.*, 450 U.S. 79, 84, 101 S.Ct. 993, 996, 67 L.Ed.2d 59, 64 (1981) (an order denying the joint motion of the parties to enter a consent decree containing injunctive relief is an appealable interlocutory order).

■ Interlocutory appeals should, therefore, be limited to those that are expressly allowed, not because of finical literalness, but in order to conform to the jurisdictional pattern prescribed by Congress, which is intended to permit appeal only from orders

**3.** The CFTC requested that the district judge enter a final judgment pursuant to Rule 54(b), but the judge never ruled on the request.

**4.** 28 U.S.C. § 1292(a)(1) provides:

(a) The courts of appeals shall have jurisdiction of appeals from:
(1) Interlocutory orders of the district courts of the United States ... granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions except where a direct review may be had in the Supreme Court . . . .

Some commentators have written that § 1292(a)(1) is concerned primarily with interlocutory orders that grant or refuse *preliminary* injunctive relief, see Note, The Limits of Section 1292(a)(1) Redefined?: Appealability of the Class Determination as an Order "Refusing an Injunction", 9 Tol.L.Rev. 488, 492 (1978), because § 1292(a) is "primarily invoked where *delay* in appellate review will work an injustice," *id.* at 492. Interlocutory *grants* of *permanent* injunctive relief are also appealable because, when an injunction has been granted by an order that takes immediate effect, irreparable damage may be inflicted. 16 C. Wright, A. Miller, E. Cooper

& E. Gressman, Federal Practice and Procedure § 3924, at 69 (1977). An interlocutory order *refusing* a *permanent* injunction, in contrast "usually carries a lesser threat of irreparable harm since full injunctive relief may be granted on appeal," Note, *supra*, at 494. The Supreme Court, however, has stated without explanation that § 1292(a)(1) may "at times embrace denials of permanent injunctions." *Switzerland Cheese Ass'n v. E. Horne's Market, Inc.*, 385 U.S. 23, 25, 87 S.Ct. 193, 195, 17 L.Ed.2d 23, 25 (1966). In this case, CFTC requested both preliminary and permanent injunctive relief against Gramer. The request for preliminary relief was apparently never ruled on because the parties had tentatively agreed to a settlement. Therefore, dismissal of Gramer resulted in a denial of both preliminary and permanent injunctive relief and is embraced within either the narrow interpretation of § 1292(a)(1) (only applicable to a denial of preliminary injunctive relief) or the broader interpretation of that section (applicable as well to denials of permanent injunctive relief).

**5.** Note, *supra* note 4, at 492.

of serious, perhaps irreparable consequence, *Gould v. Control Laser Corp.*, 650 F.2d 617 (5th Cir. 1981), and to avoid opening a floodgate to interlocutory appeals. *Gardner v. Westinghouse Broadcasting Co.*, 437 U.S. 478, 98 S.Ct. 2451, 57 L.Ed.2d 364 (1978) (order denying class certification did not affect the plaintiff's own claims for injunctive relief and is not appealable).

■ The district court order in the instant case neither refuses an injunction against Gramer nor considers in any way either the existence of a cause of action against him or the merits of the claim made.[6] The dismissal of Gramer "does not settle or even tentatively decide anything about the merits of the claim." *Switzerland Cheese Ass'n v. E. Horne's Market, Inc.*, 385 U.S. 23, 25, 87 S.Ct. 193, 195, 17 L.Ed.2d 23, 25 (1966) (order denying a motion for summary judgment granting a permanent injunction is not appealable). Conceding this, CFTC argues that the order is appealable because it effectively denies an injunction against Gramer. Section 1292(a)(1) has been interpreted to reach some orders that, while not literally refusing an injunction, dispose of the claim for relief on the merits. The statute does not, however, permit the appeal of any interlocutory order in a suit seeking an injunction that might have the ultimate effect of preventing a decision favorable to the injunction seeker.

The Second Circuit has allowed an appeal from an order dismissing some of the individual defendants in a suit to enjoin allegedly unconstitutional activities of the members of a city police department. *Build of Buffalo, Inc. v. Sedita*, 441 F.2d 284 (2d Cir. 1971).[7] The Eighth Circuit similarly has allowed appeal of an order that dismissed the only defendants against whom injunctive relief was sought on the basis that this was "effectively a denial of the injunctive relief sought." *McNally v. Pulitzer Publishing Co.*, 532 F.2d 69, 73 (8th Cir.) (dismissed for failure to state a cause of action), *cert. denied*, 429 U.S. 855, 97 S.Ct. 150, 50 L.Ed. 131 (1976). *Accord, Holton v. Crozer-Chester Medical Center*, 560 F.2d 575 (3d Cir. 1977); *Hartmann v. Scott*, 488 F.2d 1215, 1220 (8th Cir. 1973).

In the instant case, however, the suit has been dismissed as to only one of the several defendants against whom similar injunctive relief was sought. Moreover, the Fifth Circuit has not been so quick to interpret a judgment ordering dismissal as refusing an injunction. In *Local Union 1888, American Federation of State Employees v. City of Jackson*, 473 F.2d 1028 (5th Cir. 1973), two federal defendants were dismissed from a suit and summary judgment was granted in favor of two other federal defendants in a suit to enjoin a city, city officials and federal defendants from racial and sexual discrimination in employment. The court held the dismissal not appealable, considering the federal defendants akin to ancillary parties-defendant against whom relief might appropriately be obtained after relief had been granted against the primary defendants, the city and city officials.

■ The decision to dismiss Gramer was made only on the basis of the Commission's

---

**6.** This court has stated that § 1291 "not only gives the courts of appeals jurisdiction to review interlocutory orders involving injunctions, but also an appeal may be perfected under that statute even when the action involves local claims or multiple parties." *Gray Line Motor Tours, Inc. v. City of New Orleans*, 498 F.2d 293, 295 (5th Cir. 1974).

**7.** The plaintiffs sought relief from systematic police misbehavior at levels of authority higher than that of the patrolman on the beat. The court stated that the dismissal of the mayor and police commissioner from the action deprived the plaintiffs of "a distinct and separate claim for injunction, for which any other relief that might emerge from the case could never adequately substitute." 441 F.2d at 287. The opinion confined the holding to the particular facts of the case noting "we need not decide that most dismissals as against some defendants in suits seeking injunctive relief are appealable." *Id.* at 287. *See id.* at 290 (Lumbard, C. J., concurring). Judge Anderson, dissented because "the present appeal is not from an order completely disposing of a *claim for injunctive relief* but is merely an appeal from an order dismissing a *single cause of action as to some of the defendants.*" *Id.* at 291 (emphasis in original).

failure to comply with discovery orders. The orders are entirely unrelated to the merits of the case. Gramer's dismissal can in no way affect the issuance of an injunction against the other defendants. While Gramer may be an important party, both the corporation and other principals remain parties to the action. If the question raised by Gramer's dismissal is one that involves a substantial legal question, the resolution of which would substantially advance the ultimate termination of the litigation, certification under § 1292(b) is available as is the entry of a final judgment in the manner provided by Rule 54(b). The order dismissing the suit as to Gramer may be serious, but there is nothing to indicate that its effect is irreparable.

The CFTC has urged us to treat the attempted appeal as a petition for mandamus, 28 U.S.C. § 1651, if we find the dismissal order not appealable. Mandamus is appropriate only in extraordinary situations, when the right to relief is clear and indisputable, and the party seeking the writ has no other adequate means of attaining the relief he desires. *Plekowski v. Ralston-Purina Co.*, 557 F.2d 1218, 1220 (5th Cir. 1977). Mandamus is not appropriate here because none of these requirements are met.

For these reasons, we dismiss the appeal for lack of jurisdiction over it at this stage.

DISMISSED.

JOHN R. BROWN, Circuit Judge, concurring:

I subscribe fully to the Court's opinion. I would simply caution Gramer that his present victory may be shortlived or hollow. The Trial Court has full power until entry of a really final Judgment to Reconsider and change the order of dismissal. In any event the propriety of this dismissal is open to full review by an appeal from such final judgment.