SUPERGUIDE CORPORATION, a North Carolina Corporation, Plaintiff,

v.

DIRECTV ENTERPRISES, INC., a Delaware Corporation; DirecTV, Inc., a California Corporation; DirecTV Operations, Inc., a California Corporation; Hughes Electronics Corporation, a Delaware Corporation; Thomson Consumer Electronics, Inc., a Delaware Corporation; Echostar Communications Corporation, a Nevada Corporation; Echostar Satellite Corporation, a Colorado Corporation; and Echostar Technologies Corporation, a Texas Corporation, Defendants.

Thomson Consumer Electronics, Inc., a Delaware Corporation; Echostar Satellite Corporation, a Colorado Corporation; Echostar Technologies Corporation, a Texas Corporation; Hughes Electronics Corporation, a Delaware Corporation; DirecTV Enterprises, Inc., a Delaware Corporation; DirecTV, Inc., a California Corporation; and DirecTV Operations, Inc., a California Corporation, Counter-claimants,

v.

Superguide Corporation, a North Carolina Corporation, Counter-defendant.

No. 1:00CV144–T.

United States District Court, W.D. North Carolina, Asheville Division.

March 23, 2001.

A. Ward McKeithen, Everett J. Bowman, Robinson, Bradshaw & Hinson, P.A., Char-

lotte, NC, John J. Barnhardt, III, Richard M. McDermott, Alston & Bird, LLP, Charlotte, NC, Roderick G. Dorman, Lawrence M. Hadley, Sean M. Kneafsey, Hennigan, Bennett & Dorman, Los Angeles, CA, for Superguide Corp.

Michael E. Ray, Charles A. Burke, Womble, Carlyle, Sandridge & Rice, Winston-Salem, NC, Darryl E. Towell, Jones Day Reavis & Pogue, Irvine, CA, Michael J. Newton, Jones Day Reavis & Pogue, Dallas, TX, Victor G. Savikas, Jones Day Reavis & Pogue, Los Angeles, CA, Michael J. Newton, Kevin G. McBride, Jones, Day, Reavis & Pogue, Los Angeles, CA, for DirecTV Enterprises, Inc., DirecTV, Inc., DirecTV Operations, Inc., Hughes Electronics Corp.

Wyatt S. Stevens, Roberts & Stevens, P.A., Asheville, NC, Harold J. McElhinny, Paul J. Riley, Morrison & Foerster LLP, San Francisco, CA, John P. Corrado, Charles C. Carson, Morrison & Foerster LLP, McLean, VA, Mark Danis, Anders T. Aannestad, Morrison & Foerster, LLP, San Diego, CA, for Thomson Consumer Electronics, Inc.

Larry McDevitt, Van Winkle, Buck, Wall, Starnes & Davis, P.A., Asheville, NC, Lawrence K. Nodine, Nagendra G. Weatherly, William F. Long, Needle & Rosenberg, P.C., Atlanta, GA, J. Donald Cowan, Jr., Greensboro, NC, for Echostar Communications Corp., Echostar Satellite Corp., Echostar Technologies Corp.

David M. Carter, J. Derel Monteith, Jr., Carter & Schnedler, Asheville, NC, Richard G. Parker, Ian Simmons, O'Melveny & Myers, Washington, DC, James E. Doroshow, Brian K. Brookey, Richard A. Clegg, Christie, Parker, & Hale, Pasadena, CA, Gregory N. Clements, Dougherty & Clements, Charlotte, NC, David A. Dillard, Christie Parker & Hale LLP, Pasadena, CA, George G. Matave, John R. Posthumus, Brian Andrew Carpenter, LeBoeuf, Lamb, Greene & MacRae, L.L.P., Denver, CO, for Gemstar Development Corp.

## ORDER

COGBURN, United States Magistrate Judge.

**THIS MATTER** came before the court on March 21, 2001, for hearing on the following motions:

(1) (# 66)    defendant Hughes Electronics' Motion to Compel Joinder of Necessary Party;

(2) (# 66)    defendant Hughes Electronics' Motion to Dismiss for Failure to Join Indispensable Party

(3) (# 69–1)    defendant DirecTV Operations, Inc., et al.'s, Motion to Compel Joinder of Necessary Party;

(4) (# 69–2)    defendant DirecTV Operations, Inc., et al.'s Motion to Dismiss for Failure to Join Indispensable Party;

(5) (# 80)    plaintiff SuperGuide Corporation's Motion for Leave to File Supplemental Evidence in Opposition to Hughes's Motion to Join Gemstar;

(6) (# 102)    SuperGuide Corporation's Rule 56(f) Motion for Extension of Time to Respond to Thomson Consumer Electronics, Inc.'s Motion for Summary Judgment; and

(7) (# ___)    Gemstar's Motion for Continuance By Nonparty.

There were a number of motions that were not ripe as of the time of hearing, and they will be considered in due course.

■ The primary issues considered at the hearing were the respective motions of defendants Thompson and DirecTV to join Gemstar or to dismiss for failure to join an indispensable party. The issues were fully briefed prior to hearing of oral arguments. Respective defendants contend that plaintiff granted Gemstar a substantial portion of its bundle of rights in the '578 patent, the '211

patent, and the '357 patent. Among those rights defendants contend Gemstar holds are the exclusive rights to make, have made, use, sell, and sub-license in particular fields, and the right to bring suits, such as this, for infringement of the patents at issue. Prior to decision, the non-party Gemstar would not commit as to the scope of its rights under the license agreement. After considering all of the materials presented, the court finds that the uncertainty as to whether SuperGuide holds all of the rights it has asserted in this action and whether Gemstar in fact holds such rights creates a substantial risk that defendants herein could be exposed to inconsistent obligations if Gemstar is not joined. Rule 19, Federal Rules of Civil Procedure, provides, in relevant part, as follows:

(a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if

(1) in the person's absence complete relief cannot be accorded among those already parties, or

(2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may

(i) as a practical matter impair or impede the person's ability to protect that interest or

(ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.

The test for joinder in the Fourth Circuit is two-pronged. In *Nat. Union Fire Insur. Co.*

*of Pittsburgh, Pa. v. Rite Aid of S.C., Inc.*, 210 F.3d 246 (4th Cir.2000), the appellate court held, as follows:

> Federal Rule of Civil Procedure 19 sets forth a two-step inquiry for a district court to determine whether a party should be joined in an action. First, the district court must determine whether the party is "necessary" to the action under Rule 19(a). If the court determines that the party is "necessary," it must then determine whether the party is "indispensable" to the action under Rule 19(b).

*Id.,* at 249 (*citing Teamsters Local Union No. 171 v. Keal Driveaway Co.,* 173 F.3d 915, 917–18 (4th Cir.1999)).

The court has also looked to reported patent cases for guidance. In *Katz v. Lear Siegler, Inc.,* 909 F.2d 1459 (Fed.Cir.1990), the Federal Circuit held that joinder of the licensee was appropriate to avoid possible injury to the licensee, as well as to alleged infringers. The appellate court further held that joinder of the licensee was necessary to determine the beneficial interest in disputed letters patent, which was an issue predicate to plaintiff patent assignee's capacity to bring suit for patent infringement.

In *Refac Intern., Ltd. v. Mastercard Intern.,* 758 F.Supp. 152 (S.D.N.Y.1991), the district court held that where there is a dispute regarding terms and conditions of a patent transfer (*i.e.,* where the transferee is a licensee or assignee), it would be improper to make such a determination absent evidence from the transferor, an indispensable party.

In *Gould v. Control Laser Corp.,* 462 F.Supp. 685 (M.D.Fla.1978), *aff'd in part and appeal otherwise dismissed,* 650 F.2d 617 (Fed.Cir.1981), the district court held that a patent licensee must be joined as an indispensable party in a patent owner's action, where the licensee, under terms of the licensing agreement, became in economic reality the assignee of the patent and could have prosecuted its own independent patent infringement action. The court held that the licensee was a "proper party" with substantial interest in the patent and in the success of the litigation. The court held that absent the presence of the licensee in the litigation,

the licensee might relitigate the issue of validity in another forum.

As in *Katz, supra,* joinder herein of the licensee (Gemstar) is appropriate to avoid possible injury to licensee, as well as to alleged infringers. The court finds that joinder of Gemstar is necessary to afford complete relief among the parties. Gemstar will be aligned, initially, as a third-party defendant, and the parties will be allowed to assert whatever claims, counterclaims, or defenses they may have. The court reserves the right to realign Gemstar as a plaintiff or defendant in this action. The original parties to this action will be allowed 20 days from receipt of this Order within which to file and serve such claims as they may have against Gemstar, and Gemstar shall have 20 days from service of any claims within which to answer, reply, make claims of its own against any party, or otherwise respond. As a matter of housekeeping, each party shall provide Gemstar with copies of their pleadings in this matter within 20 days of receipt of this Order. The motions to join Gemstar will be allowed, and the alternative motions to dismiss for failure to join an indispensable party will be denied as moot.

The court has also considered SuperGuide Corporation's Rule 56(f) Motion for Extension of Time to Respond to Thomson Consumer Electronics, Inc.'s Motion for Summary Judgment. At the hearing, counsel for Thompson properly opposed such motion on the basis of failure to follow Rule 56(f) *verbatim.* Rule 56(f) provides, as follows:

(f) **When Affidavits are Unavailable.** Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Strict compliance with Rule 56(f) is not required where it is apparent to the court that the moving party has acted in good faith and with due diligence. *See Paterson–Leitch v. Massachusetts Municipal Wholesale Elec.,* 840 F.2d 985, 988 (1st Cir.1988).

In determining whether to grant a "continuance" under Rule 56(f), which in this case would be better described as an enlargement of time, a two-pronged test is applied. First, the moving party must show that the information sought will likely lead to an issue that is trial worthy and, second, that the moving party has been diligent. SuperGuide seeks additional time to depose an attorney and an attorney/principal to the license agreement. While the court has not yet decided whether to allow that deposition to proceed and, if so, under what conditions, it appears that the scope of the agreement between SuperGuide and Gemstar is a trial-worthy issue. Moving to the second prong of the test, it cannot be said that counsel for SuperGuide has been anything less than diligent. Rule 56(f) is "designed to minister to the vigilant, not to those who slumber upon perceptible rights." *Ayala–Gerena v. Bristol Myers–Squibb Company,* 95 F.3d 86, 92, (1st Cir.1996) (*quoting Resolution Trust Corp. v. North Bridge Assoc., Inc.,* 22 F.3d 1198, 1203 (1st Cir.1994)). The Rule 56(f) motion will be granted, and SuperGuide will be allowed 14 days from resolution of the outstanding issues surrounding such deposition within which to respond fully to Thompson's Motion for Summary Judgment.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

(1) (# 66)  defendant Hughes Electronics' Motion to Compel Joinder of Necessary Party is **ALLOWED;**

(2) (# 66)  defendant Hughes Electronics' Motion to Dismiss for Failure to Join Indispensable Party is **DENIED** as moot;

(3) (# 69–1)  defendant DirecTV Operations, Inc., et al.'s, Motion to Compel Joinder of Necessary Party is **ALLOWED;**

(4) (# 69–2) defendant DirectTV Operations, Inc., et al.'s Motion to Dismiss for Failure to Join Indispensable Party is **DENIED** as moot;

(5) (# 80) plaintiff SuperGuide Corporation's Motion for Leave to File Supplemental Evidence in Opposition to Hughes's Motion to Join Gemstar is **GRANTED,** and the court has considered all evidence heretofore presented;

(6) (# 102) SuperGuide Corporation's Rule 56(f) Motion for Extension of Time to Respond to Thomson Consumer Electronics, Inc.'s Motion for Summary Judgment is **GRANTED;** and

(7) (# ___) Gemstar's Motion for Continuance By Nonparty is **DENIED,** but counsel for Gemstar is **GRANTED** leave to appear at the hearing telephonically based on inclimate weather.